### D. SULLIVAN & CO. v. TEXAS BRIQUETTE AND COAL COMPANY.

#### No. 1001. Decided June 6, 1901.

**1.  Mechanic's Lien—Existing Mortgage—Priority.**

The liens of persons furnishing machinery and materials for the improvement of a coal mining plant, upon the land and property as existing before the inception of such lien, were inferior to that of a mortgage upon such property made before the inception of their liens. (Pp. 544, 545.)

**2.  Same—Inception of Lien.**

The "inception" of such materialmen's liens is the date when there was a contract made under which work was done or material furnished; the recital in the prior mortgage that the loan secured was for the purpose of completing the plant, machinery, etc., does not create or constitute the inception of a lien for labor or material furnished under subsequent contracts for such completion. (P. 545.)

**3.  Cases Distinguished.**

Oriental Hotel Co. v. Griffiths, 88 Texas, 574, and McIlhenny v. Binz, 80 Texas, 1, distinguished from this case. (Pp. 545, 546.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

In a receivership over the Texas Briquette and Coal Company, D. Sullivan & Co., and others, holders of bonds secured by mortgage. prosecuted writ of error from a judgment of the District Court giving preference to the liens of the Watt Mining Car Wheel Company and others, interveners asserting materialmen's liens. The judgment being affirmed, they then obtained writ of error from the Supreme Court.

*Shook, Vandever, Hoeven & Smith* and *Helmer, Moulton & Price*, for plaintiffs in error Hattie A. Martin, individually, and Hattie A. Martin, Elmer B. Martin, Wilton B. Martin, Frank A. Helmer, and Perley Lowe, trustees; *Chas. W. Ogden* and *J. O. Terrell*, for plaintiffs in error D. Sullivan & Co.—After a lien given by a mortgage is duly recorded and bonds described in it issued and sold for a valuable consideration, it is superior to a materialman's lien for materials furnished for improvements upon the property conveyed by the mortgage, when such materials are furnished and improvements made without the knowledge or consent of the mortgagee. Security Co. v. Caruthers, 11 Texas Civ. App., 431; Berry v. McAdams, 55 S. W. Rep., 1114; Oriental Hotel Co. v. Griffiths, 88 Texas, 574. When land is mortgaged and improvements are afterwards erected thereon, one who with notice of the mortgage furnishes material for such improvements may have a lien on such improvements superior to the mortgage, but not a superior lien on the land. Sayles' Stats., ed. of 1897, art. 3301; Berry v. McAdams, 55 S. W. Rep., 1114; Peoples, etc., Assn. v. Clark, 33 S. W. Rep., 882.

Where a defendant has mortgaged his real estate and afterwards purchases materials to make improvements thereon without the knowledge or consent of the mortgagee, if the materialman has notice of the existence of the mortgage, such materialman can only assert his lien as against the mortgagee upon the property sold by him to the defendant, and not upon the real estate owned by the defendant when the mortgage was given and covered by such mortgage. Sayles' Stats., art. 3301; Peoples, etc., Assn. v. Clark, 33 S. W. Rep., 882; Berry v. McAdams, 55 S. W. Rep., 1114.

The argument made by the learned counsel for defendants in error in their reply to the petition for writ of error shows clearly the dangerous extent to which it has been attempted in this case to carry the doctrine announced by this court in the case of Oriental Hotel Company v. Griffiths, 88 Texas, 574. If the contention of counsel for defendants in error is sound it is perfectly clear that it would be absolutely impossible for any person to obtain a first mortgage upon a piece of property in Texas which could not be impaired, even to the extent of its complete destruction, by the mere act of the owner purchasing

on credit to an unlimited extent, without the consent of the mortgage holder, materials and supplies for the construction of improvements.

*William Aubrey,* for defendants in error Vaughan Lumber Company and Watts Mining Car Wheel Company, and *A. W. Seeligson,* for defendants in error F. F. Collins Manufacturing Company and Erie City Iron Works.—The lien of a deed of trust on a manufacturing plant in course of construction must be subordinated to the lien of persons who subsequently furnished material proper or necessary for the completion of such plant. Oriental Hotel Co. v. Griffiths, 88 Texas, 574.

When a mortgage is executed upon an unfinished manufacturing plant and shows upon its face that it was contemplated by the parties thereto that the work of construction on such plant should be prosecuted to completion, and when the mortgage attached to such plant as fast as the construction thereof progressed, those portions of the plant added after the execution of such mortgage are "useful improvements," and if the plant be put in the hands of a receiver before the work and material for such additions are paid for, the holder of the claim for such work and material should be paid from the proceeds of the sale of such property in preference to the mortgage bond holders; particularly when interest has been paid by the debtor on the mortgage bonds. McIlhenny v. Binz, 80 Texas, 1.

BROWN, ASSOCIATE JUSTICE.—M. Halff & Brother filed suit in the District Court of the Forty-fifth Judicial District in Bexar County against the Texas Briquette and Coal Company, a private corporation, alleging that it was indebted to the plaintiff, that the corporation was insolvent, and praying for the appointment of a receiver, which prayer was granted and the receiver appointed. This writ of error involves no issue between the original parties to this suit nor between either of the parties and the interveners who are hereinafter named. The following brief history and statement of the facts is taken from the opinion of the Court of Civil Appeals:

"The Texas Briquette and Coal Company owned certain land upon which was a plant erected for the purpose of mining lignite and manufacturing briquettes and other products from lignite. On or about August 24, 1896, it negotiated a loan of a large sum of money and issued to the Farmers Loan and Trust Company as trustee, or bearer, its bonds secured by a deed of trust on all its property then on hand or thereafter to be acquired. The deed of trust was recorded in September, 1896, and contained a recitation as follows:

"'And whereas, for the purpose of completing its plant for the manufacture of briquettes and other products of lignite coal, and for the purpose of developing its coal mines and increasing its output and capacity and supplying necessary machinery therefor, it has become desirable to borrow money, and for the party of the first part to mortgage its lands, machinery, plants, improvements, and franchise.'

"Plaintiffs in error own these bonds.

"The plant appears to have been completed, although the date of the actual commencement of the work does not appear. In the progress of the work, certain claims for coal cars for use in the mines, plumbers' material, machinery, lumber, and the like, arose, which were ordered or purchased by the company and which went into the improvement. These were not paid for and the judgment now here on review gives these claims a lien on all property superior to that of the deed of trust.

"The history of the suit is that a receiver was appointed for the Texas Briquette and Coal Company in the District Court for the Forty-fifth District, in a suit brought by M. Halff & Bro. upon an account. D. Sullivan & Co., Hattie A. Martin, and others, as owners of said bonds, intervened, asking that their debt be allowed and adjudicated a first lien upon the property. There were sundry other interveners, among them the Watt Mining Car Wheel Company for twenty-four small cars furnished for use in the mines; the F. F. Collins Manufacturing Company for certain plumbers' material furnished; the Erie City Iron Works for a boiler and attachments furnished; and H. Lockwood for certain lumber and building material furnished. All these were adjudged entitled to a lien prior to that of the bonds, also Walter Tips and A. G. Francis were adjudged to hold prior liens."

Giving to the claims of the defendants in error the full force of liens of materialmen, the question arises,—were those liens superior to that of the bonds secured by a mortgage executed anterior to the time when the material was furnished? Independent of the statute, there could be no doubt that the bonds in this case secured by the mortgage or deed of trust would hold a prior lien over all other claims asserted in this action. McIlhenny v. Binz, 80 Texas, 1; Trammel & Co. v. Mount, 68 Texas, 210. After providing for the materialman's lien and the manner of securing it, the statute, in article 3301 of the Revised Statutes, makes provision for securing such persons in their liens as against existing mortgages and other liens in the following language: "The lien herein provided for shall attach to the house, building, improvements, or railroad for which they were furnished, or the work was done, in preference to any prior lien or incumbrance or mortgage upon the land upon which the houses, buildings, or improvements or railroad have been put, or labor performed, and the person enforcing the same may have such house, building, or improvement, or any piece of the railroad property sold separately; provided, any lien, incumbrance, or mortgage on the land or improvement at the time of the inception of the lien herein provided for shall not be affected thereby, and holders of such liens need not be made parties in suits to foreclose liens herein provided for." This case does not involve the question of a lien upon houses or other improvements which might be sold separately and removed from the premises, but upon the whole premises, including the land. The proviso in the

article above quoted expressly declares that the materialman's lien, although given a prior right as to improvements made, shall not affect the prior right of a mortgage or other lien upon the land which existed before the *"inception"* of the lien sought to be enforced under the statute. This brings us to the question, whether the liens here asserted as superior to the prior liens of the mortgage had their *"inception"* at a time antedating the lien of the mortgage. In the case of Oriental Hotel Company v. Griffiths, 88 Texas, 583, this court determined the meaning of the word "inception," as used in the statute, in the following language: "What is meant by the 'inception' of the lien, as used in the statute, we must determine from a consideration of the language of the proviso, in connection with other provisions of the law. The Constitution of this State secures to mechanics, artisans, and materialmen a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or the material furnished therefor, and commands the Legislature to provide by law for the speedy and efficient enforcement of said liens. Const., art. 16, sec. 37. In obedience to this mandate, the Legislature has enacted the law referred to, which will be liberally construed in order to secure the rights guaranteed by the Constitution." Under this rule, the inception of the lien relates to the date when there was a contract made under which work was done or material furnished.

In support of its opinion, the Court of Civil Appeals quotes the provision of the deed of trust before copied which recited that the bonds were to be issued for the purpose of raising money to improve the property. And that honorable court seems to hold that the contemplation of an improvement or the definite determination on the part of the owner of the property to improve it fixes the time when the liens of the materialmen, laborers and others attach to the property. If it were held that the mere fact that an intention existed in the mind of the mortgagor to use the funds raised by the mortgage in the improvement of property creates a lien in favor of all persons who should thereafter contract with him for making that improvement, it would broaden the constitutional and statutory provisions so as to create many complications in this class of business. There is no evidence that we have been able to discover in this record—and none has been pointed out by the able attorney for the defendants in error— which shows that, at the time the mortgage was executed, any contract for this improvement had been let, or that the particular improvements were intended to be provided for by the making of that mortgage. The inception of the liens which are claimed in this case by the defendants in error was subsequent to the date of the lien of the mortgage to secure the bonds asserted by the plaintiffs in error, and was therefore subordinate to the lien of that mortgage.

The honorable Court of Civil Appeals cites the case of Oriental Hotel Company v. Griffiths in support of its decision in this case. We think the distinction between the two cases is broad and perfectly

plain. In that case Griffiths had entered into a contract with the Oriental Hotel Company for the construction, upon the lot which it then owned, of a building according to specifications then furnished and embracing all work which was subsequently done or for which material was furnished by the persons who claimed liens in that case. The bonds were issued and the mortgage given for the purpose of securing the payment of that contract and the deed of trust itself secured a lien upon the house to be built. A separate agreement provided that the funds should be placed in the hands of a trustee to be paid out upon the estimates of the architect as the building progressed. This court held, that, in issuing those bonds and in making the deed of trust to secure them, the completion of that contract according to the specifications was in contemplation of the parties, and that the liens for all material furnished and labor done in the performance of that contract had their "inception" when the contract was made, which was prior to the time the deed of trust to secure the bonds took effect. While we believe that the decision in that case is amply sustained by the law and correctly made, we are of opinion that the facts of the case demanded and the opinion went as far as the law justifies to sustain such liens, which are much favored by our Constitution and laws.

Counsel for defendants in error cites McIlhenny v. Binz, 80 Texas, 1, in support of the judgment. In that case, this court held that a court of equity might apply the earnings of a railroad, while in the hands of a receiver, to the payment of claims for improvements made within a reasonable time before the receiver was appointed in preference to the bonds which held a first lien upon the road, but it was not asserted that such claims could appropriate the corpus of the property. The force of the case as authority is against the proposition to which it is cited. The rights of the parties in this case are fixed by the statute and can not be disposed of upon any supposed equitable ground.

The District Court erred in giving preference to the claims of the defendants in error over the bonds and mortgage asserted by the plaintiffs in error, and the Court of Civil Appeals erred in affirming that judgment, for which the judgments of both courts are reversed and this cause is remanded for further trial.

*Reversed and remanded.*