Vaughan Lumber Company et al. v. Hattie A. Martin et al.

No. 1325. Decided June 6, 1904.

**1.—Lien—Mortgage—Priority.**

The ruling upon former appeal herein (Sullivan & Co. v. Texas B. & C. Co., 94 Texas, 541) giving to a mortgage on a mining property and plant priority over liens of materialmen later in their inception, adhered to. (Pp. 82, 83.)

**2.—Conflicting Liens—Priority.**

The claims of holders of mechanics' liens, as against prior mortgagees, to priority in payment out of the proceeds of sale of machinery and materials furnished by them to equip a mining plant, are lost where, by asserting prior liens against the whole property, instead of the part only which they furnished, they have permitted it to be sold as a whole and can no longer distinguish the portion of the resulting fund which came from the sale of the part of the property which they furnished. (P. 83.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

The Vaughan Lumber Co. and others prosecute error from a judgment of the Court of Civil Appeals reversing and rendering against them a judgment of the trial court awarding their claims priority in the settlement of a receivership. The case was before the court under a different style and from a former appeal in Sullivan & Co. v. Texas B. & C. Co., 94 Texas, 541.

*William Aubrey*, for plaintiffs in error Vaughan Lumber Company and Watt Mining Car Wheel Company. *A. W. Seeligson,* for plaintiffs in error Collings Manufacturing Company and Erie City Iron Works. *F. H. Wash,* for plaintiff in error A. G. Francis. *C. A. Goeth.* for plaintiff in error Walter Tips.—The Court of Appeals erred in reversing the judgment of the court below and rendering judgment in favor of appellants and decreeing in favor of appellants a lien prior to that of these applicants upon all the proceeds of the sale of the Texas Briquette and Coal Company, including that part of said proceeds realized from the sale of the improvements, machinery and apparatus furnished by these applicants respectively to said Texas Briquette and Coal Company.

Whatever may be the propriety of the court's ruling that appellants, by reason of the existence of the mortgage upon the property of the coal company securing the payment of the bonds held by them respectively, have a prior lien upon the real estate and other property as it existed at the date of said mortgage and described therein, there seems to be no doubt under the authorities that these applicants have a lien upon the material, etc., furnished by them respectively, prior to that of the mortgage bondholders. It follows, of necessity, that, having a prior lien upon the material, etc., furnished by them, these applicants must have a lien upon the proceeds arising from the sale of said material, etc., in the hands of the court through its receiver. Phelps v. Edwards, 52 Texas, 375; Pope v. Graham, 44 Texas, 196; Batts' Rev. Stats., art. 3301;

Security M. and T. Co. v. Caruthers, 11 Texas Civ. App., 437; Peoples B. L. and F. Assn. v. Clark, 33 S. W. Rep., 881; Land Mortgage Bank v. Quanah Hotel Co., 89 Texas, 340; Kahler v. Caruthers, 18 Texas Civ. App., 222.

The Court of Civil Appeals erred in holding that there is no evidence in the record of this case which shows that at the time the mortgage was executed any contract existed, or that the particular improvements were intended to be provided for by the making of that mortgage.

*Shook & Vanderhoeven, Frank A. Helmer, Chas. W. Ogden, Terrell & Terrell,* and *W. H. Lipscomb,* for defendant in error.—The sale of the property in bulk having been made under the order of the court, while all the parties litigant were before it, and the plaintiffs in error having had, since said sale, two opportunities to make the necessary proof to entitle them to participate in the proceeds of the sale by reason of holding materialmen's liens on a portion of the improvements, and having failed to offer any proof upon this issue, the case should not be remanded for the purpose of giving them a third opportunity. Patrick v. Smith, 90 Texas, 267, 274; Anderson v. Walker, 70 S. W. Rep., 1003, 1004.

The property having been sold in bulk, under the order of the court, while all the parties litigant were before it, the plaintiffs in error, even though entitled to materialmen's liens on a portion of the improvements, can not participate in the proceeds of the sale without making proof of the facts which would enable the court to apportion such proceeds.

There was no evidence introduced upon either of the trials of this case in the court below as to the fair market value of the lot at the time of the sale, exclusive of the improvements, or of the market value of the improvements alone at such time. Land Mortgage Bank v. Quanah Hotel Co., 89 Texas, 332, 339; Sullivan v. Texas Briquette and Coal Co., 94 Texas, 544.

In order to be entitled to a materialman's lien, plaintiffs in error were required to allege and prove the particular improvements for the construction or repair of which the material furnished by them was used.

BROWN, ASSOCIATE JUSTICE.—The Texas Briquette and Coal Company, a corporation created under the laws of the State of Texas, owned a tract of land in Milam County upon which was erected its plant for mining lignite and manufacturing briquettes and other product from the lignite. On April 24, 1896, the corporation issued its bonds for a large sum of money, and to secure the payment of the bonds executed to the Farmers Loan and Trust Company, as trustee, a deed of trust upon the said land, on all property on hand and all property thereafter acquired, which deed of trust contained this clause: "And whereas, for the purpose of completing its plant for the manufacture of briquette and other products of lignite coal, and for the purpose of developing its coal mines and increasing its output and capacity and supplying necessary machinery therefor, it has become desirable to borrow

98 Sup—6.

money, and for the party of the first part to mortgage its lands, machinery, plants, improvements and franchise."

The bonds were sold at the time and are now owned by D. Sullivan & Co. and Hattie A. Martin. The work was completed and in the course of the construction the briquette and coal company contracted debts with plaintiffs in error for lumber, coal cars, plumbing material and other material used in the completion of the plant. All of these debts were contracted and material furnished after the bonds were sold and the deed of trust was recorded. Before the deed of trust was executed the briquette and coal company applied to the Vaughan Lumber Company to make prices on lumber to be furnished during the next twelve months; that is, the Vaughan Lumber Company agreed that for twelve months it would sell lumber to the briquette and coal company, at certain rates, to an amount of 200,000 feet. At the time that this occurred and when the bonds were issued the briquette and coal company had in contemplation improvements of its plant and it was intended to use the lumber in connection therewith. The Vaughan Lumber Company furnished to the briquette and coal company a list of prices as requested, but there was no contract made for any definite amount at the time. At the time that this occurred no contract had been made for any improvements upon the property of the briquette and coal company.

Halff & Brother, one of the creditors, instituted suit in the District Court of Bexar County against the briquette and coal company upon an account and caused a receiver to be appointed for the company, whereupon D. Sullivan & Co. and Hattie A. Martin, owners of the bonds, intervened in that suit and sought to foreclose the deed of trust upon the land and all of the property connected with the mines of the company. The Vaughan Lumber Company and the other plaintiffs in error also intervened, setting up their claim for material furnished, and claimed a lien under the statute upon the entire property, including the land, superior to the deed of trust. During the pendency of the receivership, the court ordered all the property sold without making any distinction between the lands and improvement on it. The proceeds of the sale constitute the subject of this litigation.

The trial court gave judgment for the plaintiffs in error, that they should have a lien upon the proceeds of all of the property of the briquette and coal company superior to the lien of the bondholders. That judgment was reversed by the Court of Civil Appeals and judgment rendered decreeing that D. Sullivan & Co. and Mrs. Martin, the holders of the bonds, should have a prior lien upon the assets of the briquette and coal company, and adjusted the rights of all other parties.

This case was before this court on writ of error at a former term and the right of the holders of the bonds to priority of lien upon the property of the briquette and coal company was decided adversely to the contention of the plaintiffs in error. Sullivan & Co. v. Texas Briquette and Coal Co., 94 Texas, 541. The facts presented in the record now before us do not differ materially from those on which the former decision

was made, and we find no reason to change our views of the question as then expressed. Further discussion of the matter is unnecessary.

Plaintiffs in error complain that the Court of Civil Appeals erred in decreeing to the bondholders a preference of payment out of the proceeds of all of the property including the improvements, machinery and apparatus furnished by the plaintiffs in error. They claim that they are entitled to a preference lien upon the improvements made with material furnished by them and upon the cars and other machinery sold and delivered to that company. The plaintiffs in error have not pointed out any evidence which shows that they are entitled to a preference in any portion of the fund now in the hands of the receiver. There is no evidence as to the value of the land, the improvements or other personal property. Besides, they prosecuted their intervention in the trial court upon the hypothesis that they were entitled to a preference over the bondholders in the entire fund. If they desired to have the funds derived from the sale so distributed as to give to them the proceeds of property on which they claimed a prior lien, then they should have so presented the case that the court might have preserved the funds in such shape that it could make a distribution according to their several equities; but failing so to do, or to present to this court a record by which their equities, if they have any, can be ascertained, the judgment of the Court of Civil Appeals will not be reversed in order to give them an opportunity to make a case they combatted on the former trial by unqualifiedly claiming priority to the entire fund.

There is no error in the judgment of the Court of Civil Appeals, and it is therefore affirmed.

*Affirmed.*