### WAGNER SUPPLY CO. v. BATEMAN. [*]
### (No. 1594.)

(Court of Civil Appeals of Texas. El Paso. March 6, 1924. Rehearing Denied April 3, 1924.)

1. **Mines and minerals ⬿114½, New, vol. 17A Key-No. Series—Lien for labor performed in drilling and caring for well held equal to lien for casing and supplies used therein.**

Under Complete Tex. St. 1920, art. 5639a (Vernon's Ann. Civ. St. Supp. 1918, art. 5639a), one who performed services in drilling and caring for an oil and gas well for an interest therein and compensation in money for certain work was entitled to a mechanic's lien against the leasehold interest and oil well equal to and co-ordinate with the lien of materialman for casing and other supplies furnished.

2. **Appeal and error ⬿1073(1)—Refusal to foreclose chattel mortgage lien held harmless, in view of foreclosure of superior materialman's statutory lien.**

Court's refusal to establish and foreclose a chattel mortgage on casing and other supplies used in oil and gas well *held* harmless, in view of foreclosure of materialman's lien acquired

by mortgagee under Complete Tex. St. 1920, art. 5639a (Vernon's Ann. Civ. St. Supp. 1918, art. 5639a), since the mortgage lien was subordinate to such statutory lien.

**3. Receivers** ⟜155—**Expenses of receivership held not entitled to priority over lien on property involved.**

Where receivership proceedings were instituted by owners of oil and gas well and arose out of differences between them, the expenses of receivership were not entitled to priority over lien for casing and other supplies, under Complete Tex. St. 1920, art. 5639a (Vernon's' Ann. Civ. St. Supp. 1918, art. 5639a).

Appeal from District Court, Stephens County; W. R. Ely, Judge.

Suit by J. C. Roberts and others against A. O. Bateman and others, in which a receiver was appointed and in which A. O. Bateman filed a cross-bill impleading the Wagner Supply Company and others, who asserted liens on the property involved. From the judgment rendered, the Wagner Supply Company appeals. Reformed and affirmed.

Samuels & Brown, of Fort Worth, for appellant.

L. J. Wardlaw, J. T. Tuohy, and Grady Lowrey, all of Fort Worth, for appellee.

HIGGINS, J.   J. C. Roberts and others, who were part owners of an oil and gas lease on land in Stephens county, Tex., entered into a written contract with A. O. Bateman for the completion of an oil well which had previously been begun on said lease. By the terms of said contract, A. O. Bateman was to receive an interest in the lease and was also to be paid in money for certain work that he was to do.

The well was completed and brought in as a producer but the owners of the various interests were dilatory in furnishing the pipe line company with the necessary abstract and division order so as to enable the pipe line company to run the oil and pay the owners of the different interests therefor, and they were also unable to reach an agreement as to the best method of handling and disposing of the oil; in consequence of which J. C. Roberts and others filed a suit on June 9, 1921, in the district court of Stephens county, Tex., against A. O. Bateman and others, setting out the differences that had arisen between the parties and praying for the appointment of a receiver, in order that the well might be properly managed and the oil disposed of.

The court granted the prayer for the appointment of a receiver and on June 9, 1921, the district judge appointed Claud McCaleb as receiver, to take charge of the well and dispose of the oil.

On May 22, 1922, the court discharged Claud McCaleb as receiver, and appointed in his stead J. S. Thompson.

On April 21, 1922, A. O. Bateman filed his original answer to plaintiff's original petition and also, by cross-bill, claimed an indebtedness alleged to have been incurred in the drilling of and caring for said well, and further alleged that the amount so due him was secured by a valid mechanic's lien on the lease and the personal property thereon. He also impleaded the Wagner Supply Company and others who, he alleged, were asserting liens on the said lease and personal property, and alleged that his lien was superior to the lien held by the Wagner Supply Company.

On June 17, 1922, the Wagner Supply Company, in response to citation issued on said cross-action of Bateman, filed its original answer and plea of intervention, setting up its claim for material furnished, and alleging the execution of a chattel mortgage by J. C. Roberts and others on the personal property used in connection with the well, and claimed a materialman's lien also on said lease and personal property, and praying for judgment in the amount of its debt, and establishing its liens, foreclosure of same, and also asserted that its liens were superior to any lien that A. O. Bateman might have, and further claimed that its liens were superior to the expenses of the receivership.

The court rendered judgment in favor of A. O. Bateman for $525 against J. S. Thompson, in his capacity as receiver, as a part of the operating expenses of the receivership; also rendered judgment against I. A. Withers and J. C. Roberts in the sum of $2,102, and decreed that said sum of $2,102 was secured by a mechanic's lien on the lease and personal property used in conjunction with the well, and further decreed that said lien was of equal dignity and co-ordinate with the materialman's lien of the Wagner Supply Company.

The court further rendered judgment in favor of the Wagner Supply Company against I. A. Withers and J. C. Roberts for the amount of its debt, and decreed that same was secured by a materialman's lien on the lease and personal property in connection with the oil well, but further adjudged same to be co-ordinate and of equal dignity with the lien adjudged in favor of A. O. Bateman, and ordered the property sold and the proceeds derived from said sale to be paid proportionately on the judgment of said A. O. Bateman and the judgment in favor of Wagner Supply Company.

The court declined to establish the chattel mortgage lien of Wagner Supply Company, and refused to hold same superior or even equal to the lien created in favor of A. O. Bateman.

The court further decreed that the expenses of the receivership were superior to the claim of the Wagner Supply Company and

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the claim of A. O. Bateman, and ordered that same be paid out of the proceeds of the property prior to the payment of any sums on the judgments of Wagner Supply Company and A. O. Bateman.

The Wagner Supply Company appeals. By its third and fifth propositions appellant complains of that portion of the decree which reads:

"It is further ordered, adjudged and decreed by the court that said contractor's and laborer's lien of the defendant, A. O. Bateman, as it existed on April 9, 1921, be and the same is hereby foreclosed against said leasehold interest, and the oil well located thereon, and including the casing in said well and the rig at said well, and the necessary connections and appliances used in connection with running the oil from said well, and that the same be foreclosed as against plaintiffs, defendants, cross-plaintiffs, cross-defendants, the receiver herein, and all parties to this suit, but that the same be and it is hereby declared a co-ordinating lien with the lien of the defendant, Wagner Supply Company, and that same is of equal dignity with the lien of the Wagner Supply Company upon the property above described, and that said property be ordered sold by order of sale issued by the clerk of this court."

The propositions advanced are as follows:

"Third Proposition: The court erred in decreeing that A. O. Bateman has a valid laborer's lien on the casing in the well, casing on top of the ground and derrick and oil well supplies."

"Fifth Proposition: The court erred in decreeing that A. O. Bateman has a lien on the lease, casing in the well, casing on top of the ground, derrick and other oil well supplies co-ordinate and of equal dignity with the lien of the Wagner Supply Company on the same property."

In the first place the decree does not have the scope asserted in the propositions. This is apparent from an inspection of the quoted portion of the judgment.

[1] Bateman's claim was for labor performed under contract with the owners, and no question is raised as to his compliance with the statutory provisions for fixing his lien and his right to a lien. This being true, the court's decree went no further than is authorized by the statute. Article 5639a, Complete Texas Statutes 1920 (Vernon's Ann. Civ. St. Supp. 1918, art. 5639a).

Appellant also asserted and foreclosed a materialman's lien, and there was no error in the action of the court in giving to Bateman's lien the same dignity as appellant's. The liens were equal and co-ordinate; appellant's was not superior. Oriental Hotel Co. v. Griffiths, 88 Tex. 574, 33 S. W. 652, 30 L. R. A. 765, 53 Am. St. Rep. 790; Sullivan & Co. v. Texas, etc., 94 Tex. 541, 63 S. W. 307.

It appears that J. C. Roberts and I. A. Withers, part owners of the lease and well, were the ones intrusted with the management and development of the property and the completion of the well. The well being uncompleted, they agreed to buy and did buy a part of the casing and some other supplies from appellant. On January 7, 1921, they bought the first casing from appellant, a part being 12½ inches in size and the balance 10 inches. It was contemplated that other casing and supplies necessary to complete the well should be bought from appellant, and subsequently some smaller casing and other supplies were bought. At the time of the first purchase Roberts and Withers gave appellant a chattel mortgage upon the 12½ and 10 inch casing. The mortgage provided that it was—

"understood that the liens hereby given said Wagner Supply Company shall apply to, cover, and include any and all subsequently acquired property of like character used in, about, and upon the said premises by us, and in connection with the use of the property herein described.

"This conveyance, however, is intended as a mortgage to secure the payment of our indebtedness to Wagner Supply Company in the principal sum of eight thousand thirty-one (8,031.-00) dollars, as well as any other amounts for which we may become hereafter indebted to said Wagner Supply Company, and whether the amount so owing be evidenced by account or by note or notes, and the lien retained by Wagner Supply Company, and now acknowledged and the liens hereby granted shall remain in full force until the payment in full of all obligations, debts, and demands owing by us to the Wagner Supply Company and secured hereby."

It was shown that the 12½ and 10 inch casing had been sold with appellant's consent and the proceeds paid to it.

By the sixth proposition appellant complains of the failure of the court to establish and foreclose the chattel mortgage as a valid and subsisting lien on the casing in the well, casing on top of the ground, and also other oil well supplies, and that said lien is superior to any lien in favor of A. O. Bateman.

The decree contains no reference to the mortgage lien asserted by appellant, and by implication constitutes a denial of any relief thereunder.

[2] For reasons not necessary to mention there is doubt whether the instrument was sufficient to confer a lien upon any property other than the 12½ and 10 inch casing specifically described therein, but, conceding that it is, the failure to establish and foreclose such lien, is harmless because the mortgage lien became subordinate to the statutory liens acquired and asserted by both appellant and Bateman under the rule of decision announced in the two cases cited above. This is true because appellant knew that all the material which it supplied was to be used in the completion of the will. Since appellant obtained a foreclosure of his lien of the higher dignity, his rights, if any, under the mortgage,

have not suffered by reason of the failure to foreclose.

The fourth proposition presents an issue of fact upon which the evidence is conflicting. The trial court's finding is supported by the evidence and controls.

Another proposition is that:

"The court erred in decreeing that the expenses of the receivership should be paid out of the funds derived from the sale of the property on which the Wagner Supply Company has a valid mechanic's and materialman's lien, prior to the payment of the debt of the Wagner Supply Company secured by said lien."

[3] Appellant's materialman's lien was fixed as provided by statute prior to the receivership. The receivership proceedings were instituted by the owners and arose out of differences between themselves. Appellant was in no wise responsible for the receivership. The expenses of the receivership are not entitled to priority over appellant's lien. Craver v. Greer, 107 Tex. 356, 179 S. W. 862. The decree in that respect will be reformed.

The costs of the appeal will be taxed against the appellees Bateman and the receiver Thompson. The reason for taxing the same against Bateman jointly with the receiver is the allowance in Bateman's favor of a claim of $525 for services performed for the receiver, which was accorded priority as an operating expense of the receivership.

Reformed and affirmed.