# JUNE, 1933

HENRY HAMMAN v. H. J. MCMULLEN & COMPANY.

No. 5946.   Decided June 23, 1933.
(62 S. W., 2d Series, 59.)

*Mayer & Rowe, Stanley Bransford,* and *S. C. Rowe,* all of Fort Worth, for plaintiff in error.

Appellant (defendant in error) being merely a junior lien holder, and sued by appellee (plaintiff in error) with other defendants as claiming some right, title or interest to the prop-

erty involved, appellee alleging the nature of appellant's claim being unknown to him, and it being undisputed that appellant was not by purchase or otherwise in privity with Smith and wife, the owners of the homestead property involved, it could not, in the absence of any plea of limitation by such owners, appearing as defendants herein, assert a plea of limitations against any part of the debt sued upon by appellee. Columbia Ave. Savgs. & Trust Co. v. Strawn, 93 Texas, 48, 53 S. W., 342; Pecos Mercantile Co. v. McKnight (Civ. App.), 256 S. W., 933; Poythress v. Ivy (Com. App.), 228 S. W., 157.

Appellee having sued upon a vendor's lien note for $2200.00, dated August 10th, 1919, payable in installments of $15.00 per month, the last installment by its terms coming due 12-2/9 years after date (about Nov., 1931), and for foreclosure of a vendor's lien and deed of trust lien; none or any of said installments would be barred under the statutes of limitation until four years after the last installment became due. Cathey v. Weaver, 111 Texas, 515 242 S. W., 447; Citizens Natl. Bank v. Graham, 117 Texas, 357, 4 S. W. (2d) 541.

It being undisputed that the real estate here involved was the homestead of the defendants Smith and wife at the time appellant's alleged lien was created, and thereafter, and the lien asserted by the appellant not existing ipso facto under the Constitution of this State, but being a contract lien executed long subsequently to the creation and fixing of the appellee's vendor's lien, and deed of trust lien, the former has no priority, but the latter liens are prior, superior and paramount. Citizens Natl. Bank of Waco v. Strauss (Civ. App.), 69 S. W., 86; Fuller Const. Co. v. Hudson (Civ. App.), 11 S. W. (2d) 542; State Trust Co. v. Morrison, 282 S. W., 214; Sullivan v. Texas B. & Coal Co., 94 Texas, 541, 63 S. W., 307; Texas Bitulithic Co. v. Warwick (Com. App.), 293 S. W., 160.

Taking deed of trust to secure vendor's lien does not waive that lien. Shaw v. Ball (Civ. App., 23 S. W. (2d) 291.

*Phillips, Trammell, Chizum, Price & Estes,* and *Chas. L. Terry,* all of Fort Worth, for defendant in error.

Plaintiff Hammann having filed suit for debt and foreclosure of deed of trust lien on September 14, 1929, upon a note dated July 17, 1919, and payable in monthly installments of $15.00 each; and the defendant H. J. McMullen & Company, appellant herein, having pleaded the four year statute of limitations, it was error for the trial court to render judgment for plaintiff's debt and to foreclose the lien for the whole amount

thereof notwithstanding the plea of limitations urged by the defendant H. J. McMullen & Company as to all installments becoming due more than four years prior to the filing of said suit, which had the effect of maturing the whole of said note.

1. On an installment note, the statute of limitations begins as to each monthly installment from the due date thereof. Miles v. Kelly (Civ. App.), 25 S. W., 724; Pollack v. Pollack (Civ. App.), 23 S. W. (2d) 890.

2. All installments maturing more than four years prior to the due date of the last installment are barred by the four year statute of limitations and it was error to foreclose deed of trust lien as to such installments, appellant having pleaded such bar. R. S., 1925, arts. 5520-5523; Eastland Lodge v. Stubblefield (Civ. App.), 13 S. W. (2d) 123; Citizens Natl. Bank v. Graham, 117 Texas, 357, 4 S. W. (2d) 541.

Appellants' (McMullen & Co.), lien was first and prior lien upon improvements made under the contract granting such lien. Article 16, Sections 37 and 50, Constitution of the State of Texas; Articles 5452, 5459, R. S., 1925; Brown v. Webb (Civ. App.), 1 S. W. (2d) 1102; Land Mortgage Bank v. Quanah Hotel Co., 89 Texas, 332, 34 S. W., 730.

Appellant having a first and prior lien upon the improvements made, and appellee Hammann having a first and prior lien upon the premises as they existed prior to the making of such improvements, and it being impossible to sever the improvements and sell the same separately, appellant was entitled to a judgment decreeing a proration of the proceeds on foreclosure according to the ratio of the value of their respective equities as agreed to by appellant and said appellee. Land Mortgage Bank of Texas v. Quanah Hotel Co., 89 Texas, 332, 34 S. W., 730; Brown v. Webb, 1 S. W. (2d) 1102; Oriental Hotel Co. v. Griffith, 88 Texas, 583, 33 S. W., 652; Kahler v. Carruthers (Civ. App.), 45 S. W., 160 (writ denied).

*Thomson, Dilworth & Marshall, Leslie Byrd,* and *Sylvan Lang,* all of San Antonio, as amici curiae.

MR. JUSTICE PIERSON delivered the opinion of the court.

For a comprehensive statement of the case and issues to be determined, we quote the following from the opinion of the Honorable Court of Civil Appeals:

"Appellee, Henry Hammann, on September 14, 1929, instituted this suit against Arthur E. Smith and wife, Myrtle Mae Smith, to recover the balance due on a promissory note dated July 17, 1919, in the principal sum of $2,200, with interest from

date at the rate of 8 per cent. per annum and for 10 per cent. additional on the amount due as attorney's fees. Said note was by its terms payable in monthly installments of $15 each, together with all interest accrued on the principal sum to such date; the first of said installments being due August 10, 1919, and one each month thereafter. Said note further provided for accelerated maturity at the option of the holder upon default of any payment. Appellee also sought foreclosure of a deed of trust lien on a certain lot of land in the city of Fort Worth. He also sued for the sum of $450.12 paid by him in discharge of state, county, and city taxes on said lot, and claimed subrogation to the tax lien securing the taxes so paid. Appellee made H. J. McMullen & Co, a corporation, and others not necessary to mention, parties defendant in said suit, and alleged that they and each of them were asserting some claim against said property, the exact nature of which was unknown to him. Appellee Arthur E. Smith and wife filed an answer, consisting merely of a general demurrer and denial.

"Appellant, H. J. McMullen & Co., in reply to plaintiff's petition, filed a general demurrer and denial, and, in addition thereto, filed a cross action against appellee and all its codefendants, in which it is alleged that Smith and wife, on November 20, 1926, executed and delivered to A. B. Sibbett their certain mechanic's lien note for the sum of $239, payable in thirty-eight monthly installments of $6.85 each, the first of said installments being due February 1st, 1929, and a like installment due on the same day of each month thereafter, with interest at the rate of 7 per cent. per annum, payable monthly, and providing for the payment of 10 per cent. additional as attorney's fees in case of suit and for accelerated maturity at the option of the holder upon default of any payment. Appellant admitted that the sum of $58.25 had been paid thereon. Appellant further alleged that said note was secured by a good and valid mechanic's lien fixed upon said lot in accordance with the Constitution and laws of the State. Appellant alleged that said note and lien had been for a valuable consideration transferred to it by said Sibbett. It further pleaded the statute of four years' limitation against all installments of principal and interest on the note sued on by appellee which were more than four years past due at the time he exercised his option to declare his entire note due and filed suit thereon. Appellant further alleged that it held, under the Constitution and laws of this state, a first and superior lien on the improvements made upon said lot in consideration of the note and lien sued on by

it; that such improvements were then and there of the reasonable value of $239, and that the value of said lot had been enhanced by the making of said improvements in said sum; that without said improvements the lot and other improvements thereon were worth the sum of $1,500 only, but that, including said improvements, said lot with all improvements thereon was worth the sum of $1,739. Appellant further alleged that said improvements consisted of concrete and cement work, and that the value of the same would be entirely destroyed if the same were removed from said lot. Appellant prayed for judgment for the balance due on its note, for foreclosure of its mechanic's lien, for the sale of said lot and all improvements thereon as a whole, and prorata division of the proceeds of the sale thereof between it and appellee.

\* \* \* \* \*

"The case was tried by the court, and judgment rendered in favor of appellee (Hammann) against said Arthur E. Smith for the sum of $2,162.50 principal and interest, $216.25 attorney's fees, and the further sum of $450.02 for taxes paid by him, amounting in the aggregate to $2,828.77, and for foreclosure of deed of trust and vendor's lien on said lot to secure the same, and declaring appellee also subrogated to the tax lien securing the sum paid by him as taxes on said lot as aforesaid and foreclosing such lien. Judgment was also rendered in favor of appellant (McMullen & Co.) against said Arthur E. Smith for the sum of $243.06 principal and interest and $24.31 attorney's fees, amounting in the aggregate to $267.37, and establishing and foreclosing a mechanic's lien on said lot to secure the payment of same, but declaring said lien inferior and subordinate to appellee's liens so foreclosed. Said judgment further directed that order of sale issued thereon and said lot with the improvements thereon be seized and sold as under execution, and the proceeds of sale applied, first, to the payment in full of appellee's recovery herein, together with all costs of suit and sale; second, to the payment of appellant's recovery, together with all costs accrued against it, and that the surplus, if any, after discharging both such recoveries, be paid to said Arthur E. Smith. Appellant (McMullen & Co.) presents said judgment and the proceedings on which it is founded to this court for review."

The Honorable Court of Civil Appeals reversed the judgment of the District Court in two particulars. It held, (1) that a number of the installments in Hammann's note, amounting to $800, were barred by the four years statute of limitations;

and (2) that McMullen & Company's mechanic's lien was not inferior or subordinate to Hammann's prior deed of trust lien and vendor's lien, and directed that the proceeds of the sale of the property be prorated between the lien holders according to the values found.

Plaintiff in error, Hamman, presents two questions: First, were any of the installments of his vendor's lien note barred under the statute of limitations governing installment or serial notes, R. S., 5523; and, second, were his deed of trust lien and vendor's lien superior and entitled to priority over the later acquired mechanic's lien of defendant in error for improvements on the property?

■ We have carefully analyzed the facts of this case, and conclude that the Honorable Court of Civil Appeals correctly held that limitation ran against the installments mentioned in the opinion.

The part of Article 5523 pertinent to the facts of this case reads as follows:

"Provided, if several obligations are secured by said mortgage or deed of trust, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes and obligations not then barred by the four year statute of limitations."

The revision of the statutes of 1925 changed the wording in some respects, but not as to its application to the liens here involved.

In construing this Article in the case of Citizens National Bank v. Graham, 117 Texas, at page 360, 4 S. W. (2d) 541, this Court said:

"But for the limiting effect of the concluding words, the proviso declared a policy that several of a series of vendor's lien notes would be protected from the four years' statute of limitations as long as the last one of the series was not barred. It reads: 'Provided, if several obligations are secured by said deed of conveyance the same may be enforced at any time prior to four years after the note or obligation last maturing has matured.' If the article had stopped there, it is perfectly clear the Legislature would have declared a policy of protecting from the four years bar all of 'several obligations' or notes until four years after maturity of the last one. The concluding words: 'and may be enforced as to all notes not *then* barred by the four years statute of limitations,' are simply a limitation that this immunity shall extend only to such of the notes as are not 'barred by the four years' statute of limitations' at

the time mentioned—that is, at the maturity of the last note. This fixes the public policy that such notes are not to be barred if their maturity falls within a period of four years prior to the maturity of the last note of the series. * * *

"Construing the article in both of its parts, and giving effect to the proviso according to the clear meaning of the language used, it seems to us clear that it was intended to fix the date the last note matured as the date from which to calculate the four years' limitation as applied to 'several obligations' secured by reservation of 'superior title retained in any deed of conveyance.' "

Thus it will be seen that notes of a series which are more than four years past due at "the date the last note matured" fall under the bar of limitations.

■ In the case before us, as stated in Chief Justice Gallagher's opinion, plaintiff in error on September 14, 1929, "elected to declare the unmatured installments of his note due," and thus accelerated the maturity date of the last installment of the series to that date. Applying the statute and the principles laid down in Bank v. Graham, all installments that were more than four years past due at that time, that is at the time the last installment was declared due, fell under the bar of limitations. We are holding that the wording of the statute applies to the acceleration clause of a series of notes, and that when the holder of the notes under his rights declares the last note then mature, and brings his suit to enforce payment of it, that fixes the time from which to calculate the four years as affecting the four years bar of limitations on the unpaid installments or notes.

■ We have concluded that the Honorable Court of Civil Appeals erred in holding that plaintiff in error's deed of trust lien and vendor's lien are not superior and entitled to priority over the later acquired mechanic's lien of defendant in error.

A prior vendor's lien or deed of trust lien is superior to a subsequent mechanic's lien, unless the mechanic's lien is given priority or equality by statute. This has been the uniform rule, beginning with the common law.

Chapter 2 of Title 90 makes provision for the inspection and securing of mechanics', contractors', and materialmen's liens. Article 5459 is the Article of said Statutes relating to priority of liens. It provides:

"The lien herein provided for shall attach to the house, building, improvements or railroad for which they were fur-

nished or the work was done, in preference to any prior lien or encumbrance or mortgage upon the land upon which the houses, buildings, or improvements, or railroad have been put, or labor performed, and the person enforcing the same may have such house, building or improvement, or any piece of the railroad property, sold separately; provided, any lien, encumbrance or mortgage on the land or improvement at the time of the inception of the lien hereby provided for shall not be affected thereby, and holders of such liens need not be made parties in suits to foreclose liens herein provided for."

The proviso of said Article has been given full effect by this Court. It is repeated here for emphasis:

"Provided, any lien, encumbrance or mortgage on the land or improvement *at the time of the inception of the lien herein provided for* shall not be affected thereby, and holders of such liens need not be made parties in suits to foreclose liens herein provided for."

In the case of Sullivan & Co. v. Texas Briquette & Coal Co., 94 Texas, 541, 63 S. W., 307, this Court, in 1901, held that a mortgage upon property made before the inception of a mechanic's lien was superior to said mechanic's lien, and entitled to be satisfied first out of the proceeds of a sale of the property. In the course of the opinion Associate Justice Brown said:

"The following brief history and statement of the facts is taken from the opinion of the Court of Civil Appeals:

" 'The Texas Briquette and Coal Company owned certain land upon which was a plant erected for the purpose of mining lignite and manufacturing briquettes and other products from lignite. On or about August 24, 1896, it negotiated a loan of a large sum of money and issued to the Farmers Loan & Trust Company as trustees, or bearer, its bonds secured by a deed of trust on all its property then on hand or thereafter to be acquired. The deed of trust was recorded in September, 1896. * * *

" 'Plaintiffs in error own these bonds.

" 'The plant appears to have been completed, although the date of the actual commencement of the work does not appear. In the progress of the work, certain claims for coal cars for use in the mines, plumbers' material, machinery, lumber, and the like, arose, which were ordered or purchased by the company and which went into the improvement. These were not paid for and the judgment now here on review gives these claims a lien on all property superior to that of the deed of trust.

" 'The history of the suit is that a receiver was appointed

for the Texas Briquette and Coal Company in the District Court for the Forty-fifth District, in a suit brought by M. Halff & Bro. upon an account. D. Sullivan & Co., Hattie A. Martin, and others, as owners of said bonds, intervened, asking that their debt be allowed and adjudicated a first lien upon the property. There were sundry other interveners, among them the Watt Mining Car Wheel Company for twenty-four small cars furnished for use in the mines; the F. F. Collins Manufacturing Company for certain plumbers' material furnished; the Erie City Iron Works for a boiler and attachments furnished; and H. Lockwood for certain lumber and building material furnished. All these were adjudged entitled to a lien prior to that of the bonds, also Walter Tips and A. G. Francis were adjudged to hold prior liens.'

"Giving to the claims of the defendants in error the full force of liens of materialmen, the question arises,—were those liens superior to that of the bonds secured by a mortgage executed anterior to the time when the material was furnished? Independent of the statute, there could be no doubt that the bonds in this case secured by the mortgage or deed of trust would hold a prior lien over all other claims asserted in this action. McIlheney v. Binz, 80 Texas, 1; Trammel & Co. v. Mount, 68 Texas, 210. After providing for the materialman's lien and the manner of securing it, the statute, in article 3301 of the Revised Statutes, makes provision for securing such persons in their liens as against existing mortgages and other liens in the following language: 'The lien herein provided for shall attach to the house, building, improvements, or railroad for which they were furnished, or the work was done, in preference to any prior lien or incumbrance or mortgage upon the land upon which the houses, buildings, or improvements or railroad have been put, or labor performed, and the person enforcing the same may have such house, building, or improvements, or any piece of the railroad property sold separately; provided, any lien, incumbrance, or mortgage on the land or improvement at the time of the inception of the lien herein provided for shall not be affected therein and holders of such liens need not be made parties in suits to foreclose liens herein provided for.' This case does not involve the question of a lien upon houses or other improvements which might be sold separately and removed from the premises, but upon the whole premises, including the land. The proviso in the article above quoted expressly declares that the materialman's lien, although given a prior right as to improvements made, shall not affect the

prior right of a mortgage or other lien upon the land which existed before the 'inception' of the lien sought to be enforced under the statute.

\* \* \* \* \*

"The inception of the liens which are claimed in this case by the defendants in error was subsequent to the date of the lien of the mortgage to secure the bonds asserted by the plaintiffs in error, and was therefore subordinate to the lien of that mortgage.

\* \* \* \* \*

"The rights of the parties in this suit are fixed by the statute and can not be disposed of upon any supposed equitable ground.

"The District Court erred in giving preference to the claims of the defendants in error over the bonds and mortgage asserted by the plaintiffs in error."

The holding in this case was followed in 1902 by the Honorable Court of Civil Appeals for the Third District, in the case of Citizens National Bank of Waco v. Strauss, 69 S. W., 86. Chief Justice Fisher said:

"It is clear under the facts as found by the trial court that the mortgage lien under which appellant bank acquired title was in existence long before the inception of the appellee's mechanic's lien, which the trial court declared to be superior to the mortgage lien so far as the value of the improvements placed upon the building. The mortgage lien covered the entire property and included any improvements added to the building which were of a character that could not be sold separately or severed from it as a part of the realty, which the court found to be the case here. The principle decided in the case of Sullivan v. Coal Co., 94 Texas, 541, 63 S. W., 307, applies to the facts of this case; and, in view of the rule there announced, the trial court erred in subordinating the mortgage lien to the lien of the plaintiff."

Writ of error was denied by the Supreme Court in the above case.

In the case of Hubbell v. Texas Southern Ry. Co., 59 Texas Civ. App., 185, 126 S. W., 313, in 1910, in which a writ of error was refused by this Court, Judge Levy used the following language:

"The first question, therefore, is whether such statutory liens are payable in priority of the vendor's lien. Ordinarily vendors' liens have priority over mechanic's liens. 2 Wareville on Vendors, Sec. 710. And a contract to purchase land does not

constitute the vendee the 'owner' within the terms of the stat-ute. Rev. St. 1895, art. 3294. Association v. Perkins, 80 Texas, 62, 15 S. W., 633; Faber v. Muir, 27 Texas Civ. App., 27, 64 S. W., 938. The construction given Article 3301, Rev. St. 1895, is that mechanics' liens do not have preference over any prior lien or incumbrace upon the land to the inception of the mechanic's lien. Sullivan v. Coal Co., 94 Texas, 541, 63 S. W., 307. Appellant's lien was shown to be prior to any mechanic's lien. It follows that such lien cannot be ruled to be superior to appellant's."

In the case of Quinn v. Dickinson (Civ. App.), 146 S. W., 1000 (writ of error denied), the Honorable Court of Civil Appeals for the Seventh District held that a mechanic's lien was inferior and subordinate to a prior mortgage or vendor's lien, and in the opinion used the following language:

"The record in this case shows without controversy that the materials furnished and labor performed by Agnew & Agnew under their contract resulted in enhancing the value of the entire property from $1,500 to $2,000; but the record also shows with equal conclusiveness that the improvements placed upon the property by Agnew & Agnew consisted of paints, papering the walls, and other similar improvements that cannot be detached from the building in such way as to be of any value to Agnew & Agnew without materially injuring the property as it stood prior to said improvements being made (that is, the record shows conclusively that the improvements placed upon the property by Agnew & Agnew became a part and parcel of the realty as it existed prior to said improvements); and therefore we hold that, while under the Constitution and the law Agnew & Agnew have a lien to the extent of the amount unpaid on their indebtedness on all the improvements and the land, the same is subject to and inferior to the liens that were in existence at the time they made said improvements, and we think this conclusion is clearly sustained by the Supreme Court in its decision in the case of Sullivan v. Texas Briquette & Coal Co., 94 Texas, 541, 63 S. W., 307, in the case of Citizens' National Bank of Waco v. Strauss, 29 Texas Civ. App., 407, 69 S. W., 86, by the Court of Civil Appeals, and in which a writ of error was refused by the Supreme Court, by the case of Watson et al. v. Markham & Reese, 33 Texas Civ. App., 476, 77 S. W., 660, and Hubbell v. Texas Southern Railway Co., 126 S. W., 313."

For like holdings see McCallen v. Mogul Producing & Refin-

ing Co. (Civ. App.), 257 S. W., 918, and Shamburger Lumber Co. v. Holbert et al. (Civ. App.), 34 S. W. (2d) 614.

The Honorable Court of Civil Appeals for the Tenth District bases its holding in this case upon the case of Land Mortgage Bank v. Quanah Hotel Co., 89 Texas, 332, 34 S. W., 730. The facts in that case were unusual, in this: The hotel building was built on three lots Nos. 10, 11, and 12. A prior vendor's lien existed against lots Nos. 10 and 11. A mechanic's lien was wholly prior and superior on lot No. 12, as well as the improvements. The court in adjusting that case held that a sale of the entire property with an equitable proration of the proceeds between the lien holders was the proper and equitable method. This holding was followed in several Courts of Civil Appeals cases. It was followed in 1898 in the case of Kahler et al. v. Carruthers et al., 45 S. W., 160 (writ denied), and also in Brown v. Webb (Civ. App.), 1 S. W. (2d) 1102.

The holding in the case of Sullivan & Co. v. Texas Briquette & Coal Co., 94 Texas, 541, 293 S. W., 160, has been consistently followed by this Court in its actions on writs of error ever since. We are in full accord with these consistent holdings of this Court. As applied to this case it necessitates an approval of the holding of the District Court on the issue of priority of liens.

The judgment of the District Court should be reformed so as to exclude from the recovery therein provided for the amount of the installments on plaintiff in error's notes which are barred by limitation as held herein, together with interest and attorney's fees thereon. In all other respects said judgment should be affirmed. Therefore we affirm the judgment of the Court of Civil Appeals remanding this cause to the District Court, and we instruct the District Court to enter judgment in this case in accordance with our holdings in this opinion.

Cause reversed and remanded to the District Court with instructions.