**HOUK AIR CONDITIONING, INC., and E & E Enterprises, Inc., Appellants,**

**v.**

**MORTGAGE & TRUST, INC., Appellee.**

**No. 5395.**

Court of Civil Appeals of Texas, Waco.

Dec. 12, 1974.

Rehearings Denied Jan. 16, 1975.

Anderson, Henley, Shields, Bradford & Pritchard, Schroeder, Guest & Hoffmeyer, Arthur G. Schroeder, Jr., Dallas, for appellants.

Crozier & Steinbach, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This case involves the validity of asserted statutory materialmen's liens, and whether such are superior to a prior recorded deed of trust lien on the real estate.

Plaintiff Houk Air Conditioning, Inc.[1] filed this suit against Kendale Homes, Inc., E & E Enterprises, Inc., and Mortgage and Trust, Inc., alleging among other matters that Houk had furnished labor and material for air conditioning and heating systems in 9 houses constructed by Kendale; that $6030. was owed on same; that Houk had a valid mechanic's and materialman's lien against such properties; that E & E was asserting a mechanic's and materialman's lien against the property; that Mortgage & Trust asserted a Deed of Trust lien against the properties and improvements. Houk sought judgment for its debt and foreclosure of its asserted lien.

E & E by cross action alleged it furnished labor and material for cabinets in some of the houses Kendale constructed; that it had not been paid; asserted a mechanic's and materialman's lien against the properties; and sought judgment for its debt and foreclosure of its asserted lien.

Mortgage & Trust by answer and cross action alleged it had a prior Deed of Trust on the property and improvements to secure Kendale's notes in payment for the lots and later construction; sought judgment declaring its lien senior and prior to Houk and E & E's asserted liens; and prayed that Houk and E & E take nothing as to it.

Kendale filed no answer.

Trial before the court resulted in judgment:

1) Houk recover $6030. against Kendale;

2) E & E recover $2018.44 against Kendale;

3) Houk does not have constitutional or statutory maerialman's lien against the property or improvements;

4) E & E does not have liens superior to Mortgage & Trust;

5) Title to the property is quieted in Mortgage & Trust free of materialman's liens in favor of Houk or E & E.

Houk appeals on 23 points contending among other things the trial court erred:

1) In denying it had valid statutory mechanic's and materialman's lien against the material and equipment sold and installed by it, which could be removed without material injury to the realty, the remainder of the improvements, and the equipment itself.

2) In holding the Deed of Trust lien of Mortgage & Trust superior to Houk's mechanic's and materialman's lien against the material equipment sold and installed by Houk.

---

1. Suit was originally filed under its former name Dallas Air Temp Corporation.

E & E appeals on 16 points contending among other matters the trial court erred:

1) In denying it had a valid laborer's lien on the improvements superior to Mortgage & Trust lien on such improvements.

2) In not decreeing E & E an equitable portion of the sale proceeds of the improvements, measured by the value of the improvements furnished by E & E in relation to all of the improvements.

The parties filed Stipulations of Facts, and the trial court filed Findings of Fact, pertinent of which we will notice.

In 1971, Kendale purchased realty (including the lots here involved); borrowed the money for such purchase from Mortgage & Trust; executed a Deed of Trust to secure same; and Mortgage & Trust had such Deed of Trust recorded.

■ Subsequent to the recording of the Deed of Trust, Houk furnished material and installed heating and air conditioning in houses on the 9 lots. Houk recorded its mechanic's and materialman's lien affidavit on July 12, 1972, and properly prefected its lien. Kendale defaulted to Mortgage & Trust which foreclosed its Deed of Trust lien (culminating in trustee's sale of the property on September 5, 1972).

Article 5452 Vernon's Ann.Tex.Civ.St. provides in part:

"1. Any person or firm * * * who may * * * furnish labor or material: (a) for the construction * * of any house * * * under or by virtue of a contract with the owner [or lien] contractor; upon complying with the provisions of this Chapter shall have a lien on such house, building, fixtures, improvements * * * and shall have lien on the lot * * * to secure payment; (a) for the labor done or material furnished or both for such construction * * *.

"2. For the purposes of this Act, the following definition shall apply:

"* * *.

"b. The words 'material,' 'furnish material,' or 'material furnished' as used in this Act are to be construed to mean any part or all of the following:

"(1) Material, machinery, fixtures or tools incorporated in the work, or consumed in the direct prosecution of the work * * *."

Houk furnished and installed an air conditioning system and heating system in the 9 houses which included a furnace, an air conditioning coil, compressor, thermostat and condensing unit (among other things). They were fixtures incorporated into the structure of the building and thus subject to Article 5452. From the record it appears the intention of the party making the annexation that it be permanent. See McConnell v. Frost, Tex.Civ.App., Er.Ref., 45 S.W.2d 777, 780.

Houk perfected a valid mechanic's and materialman's lien under Article 5452.

■ Mortgage & Trust's Deed of Trust lien was a vendor's lien, was prior in time to Houk's Materialman's lien, and thus attached to the realty and to permanent improvements thereon.

But a Mechanic's and Materialman's Statutory lien upon the improvements made, is superior to a prior recorded deed of trust lien, where the improvements can be removed without material injury to the land and preexisting improvements, or to the improvements removed. First National Bank v. Whirlpool Corp., Tex., 517 S.W.2d 262; Summerville v. King, 98 Tex. 332, 83 S.W. 680 (1904); Parkdale State Bank v. McCord, Tex.Civ.App., NRE, 428 S.W.2d 121; Freed v. Bozman, Tex.Civ.App., NRE, 304 S.W.2d 235; Cf. Sullivan v. Texas Briquette & Coal Co., 94 Tex. 541, 63 S.W. 307; and Hammann v. McMullen, 122 Tex. 476, 62 S.W.2d 59, for the contrary rule when such removals are impossible without material damage.

Whirlpool, supra, further holds:

"Since there was evidence in the instant case clearly supporting the trial court's finding that the disposals and dishwashers (with accompanying panels) 'may be removed from such project without injury to the project, the realty, the remaining improvements or the materials themselves,' the trial court properly ordered foreclosure of the statutory lien in favor of Whirlpool on such items."

In the case at bar the trial court found that the merchandise and equipment furnished by Houk is removable from the improvements situated on the real estate, without damage to the improvements, the real estate, or to said merchandise and equipment. There is evidence in the record clearly supporting such findings.

Houk thus has a valid statutory mechanic's and materialman's lien against the material and equipment sold and installed by it, and such lien is superior to the Deed of Trust lien of Mortgage and Trust.

Houk's Contentions 1 and 2 are sustained.

As to the appeal by E & E, the Stipulations are that the removal of merchandise, equipment and materials installed by E & E would materially injure the realty. Thus E & E has no lien on the cabinets installed by it superior to the prior Deed of Trust lien of Mortgage and Trust. Thus we cannot prorate any part of the sales proceeds to E & E.

E & E's contentions are overruled.

The judgment is affirmed as to E & E; and reversed and rendered that Houk have foreclosure of its statutory mechanic's and materialman's lien against the materials furnished and installed by Houk in the improvements on the realty here involved.

Costs of appeal are taxed ½ against E & E and ½ against Mortgage & Trust.

Affirmed in part, reversed and rendered in part.