## NATIONAL LIFE & ACCIDENT INS. CO. v. HODGE.  (No. 2621.)

(Court of Civil Appeals of Texas.  Texarkana, Oct. 19, 1922.)

**Insurance** ⊂⇒455 — Unprovoked murder is "death from accidental cause."

In absence of some qualifying exception, death from an unprovoked murder is within the terms of a policy covering death from accidental causes.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident—Accidental.]

Appeal from Harrison County Court; W. H. Strength, Judge.

Action by A. A. Hodge, administrator of the estate of Roosevelt McLemore, deceased, against the National Life & Accident Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Davidson, Blalock & Blalock, of Marshall, for appellant.

Cary M. Abney, of Marshall, for appellee.

HODGES, J.  The appellee, as the administrator of the estate of Roosevelt McLemore, deceased, sued and recovered a judgment against the appellant for the sum of $133, the full amount of a life and accident policy issued to the deceased, and the statutory attorney's fees.  The policy stipulated that it should be in full force from date for death resulting from accidental causes, but if the insured died from natural causes within six months from the date of the policy his beneficiary should receive only half that sum.

It is conceded that the deceased was assassinated by a third party and within the six months.  In submitting the only disputed issue touching the validity of the policy, the trial court assumed that an unprovoked murder was an accidental death within the meaning of the policy.  The holding is assigned as error.  The assignment is overruled.  The law is well settled that, in the absence of some qualifying exception, a death from such causes is, within the terms of the policy, an accident.  See 1 Corpus Juris, p. 431, and the authorities there cited.

A second assignment of error complains of the ruling of the court in admitting in evidence a letter written by the appellant prior to the institution of this suit.  The objection is without merit, and the assignment is overruled.

The judgment is affirmed.