## AL & LLOYD PARKER, Inc., v. CAMERON COUNTY LUMBER CO. et al.

### No. 8918.

Court of Civil Appeals of Texas. San Antonio.

Nov. 30, 1932.

Rehearing Denied Jan. 18, 1933.

H. L. Faulk, of Brownsville, for appellant.

Greenwood & Lewis and Lee O. Cox, all of Harlingen, for appellees.

SMITH, J.

The Al Parker Securities Company, a corporation, sold a tract of land to J. A. Schulgen, reserving the vendor's lien to secure the payment of Schulgen's note for the balance due upon the purchase price of the land.

Schulgen built a house on the land with materials purchased from appellee, the Cameron County Lumber Company, for which he gave the latter a materialman's lien to secure his note for $1,500. This note was also executed purportedly in behalf of Al & Lloyd Parker, another corporation, by J. L. Parker, its president.

This action was brought by the lumber company against Schulgen and Al & Lloyd Parker to recover of them the amount of the note and to foreclose the materialman's lien against those defendants, as well as the Al Parker Securities Company, holder of the vendor's lien. The Al & Lloyd Parker Company will be hereinafter referred to as the Parker Company, or as appellant, the Al Parker Securities Company as the securities company, and the lumber company as appellee.

In its original pleading appellee sought to fix liability upon appellant as surety upon Schulgen's note, but in its trial petition asserted that liability to be that of "joint maker, principal and/or guarantor" of said note.

The Parker Company sought to avoid liability in toto upon the defenses that the execution of the note by or for it was ultra vires of its corporate powers; that the note was void for want of consideration, and the corporation had never received any benefit therefrom.

Upon the trial the court ruled against the Parker Company's contentions, and rendered judgment against it for the amount of the note. The court also ruled against the lumber company's contentions that (1) its mechanic's lien was superior to the vendor's lien as against the house constructed of the materials furnished by the lumber company; and (2) that it was entitled to share ratably in the security, or else to the removal and sale of the improvements and the proceeds appropriated to its claim. The Parker Company and the lumber company have brought up separate appeals, which, on motion, have been consolidated under the above style and number.

Schulgen owned the legal title to the land, which constituted his homestead. The securities company held the vendor's lien against the land. The Parker Company had no interest either in the land or in the lien or the notes secured thereby, or in the improvements placed on the premises by the lumber company for Schulgen. The Parker Company and the securities company were separate and distinct corporations.

The Parker Company was chartered for the declared purpose of "improving land situated within Water Control & Improvement Districts, water improvement districts, levy improvement districts, drainage districts and to own, improve, sub-divide and sell lands as provided for under chapter 54 of the Acts of the Regular Session of the 41st Legislature

of the State of Texas [Vernon's Ann. Civ. St. art. 1302, subd. 91a]."

The record shows conclusively that the Parker Company was an indorser on the note purely as an accommodation to Schulgen, one of its employees. It is obvious that such an indorsement was ultra vires as being wholly without the scope of the indorser's corporate powers, and, being without consideration as well, is in direct contravention of statutory inhibition. Article 1348, R. S. 1925; 10 Tex. Jur., p. 882, § 247; W. C. Bowman Lumber Co. v. Pierson, 110 Tex. 543, 221 S. W. 930, 11 A. L. R. 547; Northside Ry. v. Worthington, 88 Tex. 562, 30 S. W. 1055, 53 Am. St. Rep. 778.

It is true that a corporation may be estopped to plead ultra vires "where the corporate funds or assets have been augmented by money or other property received by virtue of the transaction." 10 Tex. Jur., p. 902, § 260.

But a party may enforce such estoppel only when he shows that the benefit derived from the transaction by such corporation was direct and material. It is not sufficient to show an indirect or merely incidental or negligible benefit. 10 Tex. Jur. pp. 855, et seq., §§ 225, et seq.; Lbr. Co. v. Pierson, supra; Ry. v. Worthington, supra.

Appellee has not brought the case within the rule of estoppel. For this purpose it relies upon the contention that the Parker Company and the securities company are "family corporations"; the stock of both of which is owned almost wholly by two brothers, Al and Lloyd Parker; that the securities company owned a first lien upon the land benefited by the improvements secured by the mechanic's lien note indorsed by the Parker Company, which improvements were secured through that indorsement; that appellant was in debt to Schulgen, its employee, in the sum of $1,800, and was therefore interested in seeing him get the improvement.

None of the considerations, nor all of them combined, meet the requirement of the rule stated. The fact that appellant's allegedly related corporation would be benefited by an enhancement of the value of its security, an indirect benefit within itself, is certainly too remote to estop appellant from asserting its plainly obvious defense of ultra vires. The fact, if it is a fact, which is doubtful, that appellant was indebted to Schulgen, its employee, has no force whatever, as a matter of course.

Appellee contends that its officials had no actual knowledge of the existence or separate identities of the two corporate appellants in the transactions involved, and pleads this in bar of the defense of ultra vires. The law is against the contention; for one dealing with a corporation is charged with notice of its charter purposes and the general scope of and limitations upon its corporate powers. 10 Tex. Jur. p. 862, § 233; Fitzhugh v. Franco-Texas Land Company, 81 Tex. 306, 16 S. W. 1078. The president of appellee corporation represented it in this transaction, and ought to have known that the president of appellant corporation had no power to bind his principal to an obligation obviously ultra vires. He was apprised by the signature, Al & Lloyd Parker, Inc., that the indorser was a corporation.

Appellee insists that its mechanic's lien should have been satisfied by a decree giving it the right to participate proportionately with appellant in the proceeds of the forced sale of the property involved; but this contention is defeated by the fact that the property constituted the homestead of the Schulgens. State Trust Co. v. Morrison (Tex. Com. App.) 282 S. W. 214; C. D. Shamburger Lumber Co. v. Holbert (Tex. Civ. App.) 34 S.W.(2d) 614.

The judgment appealed from will be reversed in so far as recovery was decreed in favor of the lumber company against appellant, Parker Company, as indorser upon the note, and judgment will be here rendered that appellee take nothing as against said appellant, who shall be discharged with its costs in this and the trial court. In all other respects the judgment will be affirmed, at the cost of the lumber company.

Reversed and rendered in part; in part affirmed.