CAMERON COUNTY LUMBER COMPANY V. AL & LLOYD PARKER, INC., ET AL.

No. 6475. Decided June 23, 1933.
(62 S. W., 2d Series, 63.)

488

*Lee O. Cox* and *Greenwood & Lewis,* of Harlingen, for plaintiff in error.

Where the uncontroverted evidence shows that the Lumber Co. took a materialman's lien upon the land in controversy, which was duly acknowledged by the owner and his wife, in conformity with the Constitution and laws of Texas governing homesteads, prior to the delivery of any of the material, the same would be a lien on the building constructed with such material superior to a pre-existing vendor's lien, and the court should have established such priority. Constitution of Texas, art. 16, secs. 37 and 50; R. S., 1925, arts. 5452 and 5459; Land Mortgage Bank v. Quanah Hotel Co., 89 Texas, 332, 34 S. W., 730; McMullen Co. v. Hammann (Civ. App.), 34 S. W. (2d) 909; Brown v. Webb (Civ. App.), 1 S. W. (2d) 1102.

Where the preponderance of the evidence shows that the building constructed by Schulgen and wife out of materials purchased from the Lumber Co. upon land owned by Schulgen and wife, upon which the Al Parker Securities Company and the intervener held vendor's lien notes, could not be removed without practically destroying the value of the building, and the evidence further shows the value of the land and the value

of the building separately, the court should have ordered a foreclosure of the materialman's lien and the vendor's lien and ordered the property sold and the proceeds applied to the materialman's lien in proportion to the value of the house and the vendor's lien in proportion to the value of the land. Land Mortgage Bank v. Quanah Hotel Co., supra; McMullen v. Hammann (Civ. App.), 34 S. W. (2d) 909; Brown v. Webb (Civ. App.), 1 S. W. (2d) 1102; Moore v. Carey Bros. Oil Co. (Civ. App.), 248 S. W., 470, affirmed (Com. App.), 269 S. W., 75, 39 A. L. R., 1247; Kohler v. Corrothers, 45 S. W., 160, writ of error refused; Oriental Hotel Co. v. Griffiths, 88 Texas, 574; 33 S. W., 652; Brannon v. Lancaster Bros. (Civ. App.), 8 S. W. (2d) 729; Whitehead v. Protestant Church, 15 N. J. Eq., 135; Allen v. Houston Ice & B. Co., 97 S. W., 1063; Lindsley v. Parks (Civ. App.), 43 S. W., 277, writ of error refused; Wm. Cameron & Co. v. Gibson (Civ. App.), 278 S. W., 522.

*H. L. Faulk,* of Brownsville, and *John H. Mitchell,* of La Feria, for defendants in error.

Where a materialman furnishes material for the making of improvements on a homestead and such improvements cannot be removed without great loss and injury to the property, the materialman's lien is inferior and subordinate to the vendor's lien on said property, and the materialman is not entitled to have the land and improvements sold as a whole and the proceeds prorated. State Trust Company v. Morrison (Com. App.), 282 S. W., 214; C. D. Shamburger Lumber Company v. Holbert (Civ. App.), 34 S. W. (2d) 614; Creosoted Wood Block Paving Company v. McKay (Civ. App.), 211 S. W., 825.

*W. W. Alcorn,* of Fort Worth, *T. B. Davis* and *Lloyd L. Davis,* of Denton, for intervener.

MR. JUSTICE PIERSON delivered the opinion of the court.

Cameron County Lumber Co. as plaintiff sued J. H. Schulgen and wife, Edna E. Schulgen; Mrs. S. P. Quarles, a widow; G. O. Walk; Al & Lloyd Parker, Inc., a private corporation; the Al Parker Securities Co., a private corporation; and Mrs. Davis Jarrell, joined pro forma by her husband, G. J. Jarrell, as defendants, and sought a judgment on a certain note signed by J. H. Schulgen and wife and Al & Lloyd Parker, Inc., and a foreclosure of its mechanic's and materialman's lien on the building to build which the material was furnished to the Schulgens, and on the lot upon which the building was erected. Rebecca A. Davis, a feme sole, was intervener, and sought judg-

ment on certain vendor's lien notes held by her and a foreclosure of her vendor's lien on the same premises, which notes and lien were prior in point of time to the note and mechanic's and materialman's lien held by plaintiff.

Al Parker Securities Co. was sued as a defendant. It owned certain vendor's lien notes against the property involved, but did not ask for a judgment on its notes or for a foreclosure of its vendor's lien. It prayed that its vendor's lien be protected, and that if the property was sold, such sale be without prejudice to its vendor's lien.

The Honorable District Court of Cameron County awarded judgment, in so far as pertinent to the inquiry here, as follows:

It gave Cameron County Lumber Co. judgment for its debt and a foreclosure of its mechanic's and materialman's lien upon the building and the lot of land upon which the building was located, as against J. H. Schulgen and wife, Edna E. Schulgen, and against Al & Lloyd Parker, Inc., as surety on the note of J. H. Schulgen and wife to the Lumber Company. It gave intervener Rebecca A. Davis judgment for the amount of her notes secured by a vendor's lien on the lot. The judgment provided that Cameron County Lumber Co. should have a foreclosure of its mechanic's and materialman's lien, but that same was inferior to the vendor's liens held by the Al Parker Securities Co. and Rebecca A. Davis. It ordered a sale of the property, and provided that same should not affect or impair the lien held by the Al Parker Securities Co.

It is admitted by all parties that the house built on the lot upon which the mechanic's and materialman's lien rested could not be removed from the premises without serious injury and damage to the house and the lot.

We deem a further statement of the case unnecessary for the purposes of this opinion.

The Honorable Court of Civil Appeals affirmed the judgment of the Honorable District Court, except in respect to the judgment against Al & Lloyd Parker, Inc., as surety upon the note. 56 S. W. (2d) 256. We approve this holding.

The writ of error was granted by this Court on the question of priority of liens.

The second assignment of error in plaintiff in error's petition is as follows:

"The Honorable Court of Civil Appeals erred in refusing to enter judgment requiring the entire property to be sold and prorated between the Lumber Company in proportion to the

value of the building and to the holders of the vendor's liens in proportion to the value of the land, since the value(s) of the building and the land were established separately and the overwhelming weight of the evidence showed that the building could not be removed without destroying its value."

In the case of Henry Hamman v. H. J. McMullen & Co., this day decided, 122 Texas, 476, 62 S. W. (2d) 59, which presented facts similar to the facts in this case, this Court held that the prior vendor's lien was superior to and entitled to priority over a later acquired mechanic's lien. For a full discussion of the question see that opinion.

Upon the facts of this case and the holdings in the case above referred to, we affirm the judgment of the Court of Civil Appeals.