## BRAND, Banking Com'r, v. EASTLAND COUNTY LUMBER CO.

### No. 1279.

Court of Civil Appeals of Texas. Eastland.
Dec. 7, 1934.

Scott & Gilbert, of Cisco, for appellant.

Scott, Brelsford, McCarty & Brelsford, of Eastland, for appellee.

BROOKS, Special Chief Justice.

This suit was commenced by James Shaw, as banking commissioner of Texas, in the district court of Eastland county, and is being prosecuted by his successor, E. C. Brand. Suit was filed by the banking commissioner, alleging in his petition that Texas State Bank of Eastland had become insolvent and was closed by order of the board of directors thereof and simultaneously therewith placed in the hands of the banking commissioner for the purpose of liquidating its assets, which assets were in his hands for that purpose, including the note sued upon, being executed by Tom Harrell, payable to Texas State Bank of Eastland, Tex., and indorsed by Eastland County Lumber Company, further alleging that Harrell was liable as principal and Eastland County Lumber Company was liable as indorser; that the Eastland County Lumber Company received the consideration for said note, and thereby became liable as principal on the note, praying for judgment against both defendants, jointly and severally.

Plaintiff, by his supplemental petition, set up that the note sued upon was in renewal of an indebtedness owing by one R. L. Rollins to the Eastland County Lumber Company, which note was executed in 1925 for the sum of $900, payable to the Eastland County Lumber Company, and indorsed by that company to the bank for a valuable consideration; that the note was renewed for various amounts from time to time by Rollins as maker and the Eastland County Lumber Company as payee, indorsed by the lumber company to the bank each time up to September 26, 1928. The note was renewed again by Harrell as maker, Rollins not signing the note, the Texas State Bank of Eastland as payee, and indorsed by the Eastland County Lumber Company. This note was renewed in the same manner by Harrell as maker to the Texas State Bank and indorsed by the Eastland County Lumber Company until March 11, 1931, at which time it was renewed in the sum of $751; further that the defendant lumber company had directly and specifically directed each of the indorsements of said note with full notice

that the note had not been paid; knew that the same was being renewed from time to time; and thereby ratified the acts of its agent and was thereby estopped from denying the acts of its agents.

The defendant lumber company answered by general demurrer and general denial, and specially pleaded that neither the note sued upon nor any notes mentioned in plaintiff's petition was signed, executed, or indorsed by it, or by any person authorized to sign the same, and had not been ratified or confirmed by said defendant lumber company, nor had they received any part of the consideration for said note, that, if the note was executed, it was executed without authority and was unauthorized by law to indorse any of said notes and was not liable on the note sued on by reason of indorsing said note; that it was now and at the time said indorsements alleged to have been made by it a private corporation, chartered under and by virtue of the laws of the state of Texas for the purpose of buying and selling goods, wares, and merchandise at wholesale and retail; that the note was not indorsed in pursuance of said business, but was wholly for the debt of another, no benefit whatever having accrued to the lumber company.

The record shows that Harrell was a stockholder in the lumber company. He was also a contractor for building oil well rigs, and purchased material from the lumber company. He had contracted the building of oil well rigs. Rollins was subcontractor under Harrell for some of the oil well rigs, and superintended and furnished labor only for the oil well rigs. Rollins was unable to pay the laborers, and sought to obtain money from Harrell for that purpose, and, having failed to obtain the money from Harrell, Rollins then sought from the Texas State Bank the money for that purpose. The bank declined to make the loan, but agreed with Rollins, Harrell, and Calvin Brown, local agent of the Eastland County Lumber Company, to advance $900 on a note to be executed by Rollins in favor of Eastland County Lumber Company, and indorsed by Eastland County Lumber Company, provided the bank should be given a letter authorizing the execution of such indorsement on the part of Eastland County Lumber Company. After some negotiations, W. D. Sloan, president of the lumber company, wrote a letter to the bank, authorizing the Eastland County Lumber Company's indorsement of the Rollins note in favor of the Texas State Bank of Eastland not to exceed $1,000, subject to the personal indorsement of Harrell. The Texas State Bank knew that the Eastland County Lumber Company was an accommodation indorser on the notes.

Trial before the court resulted in a judgment for the plaintiff against Harrell and against the plaintiff as to the lumber company.

The Eastland County Lumber Company is a corporation, chartered for the purpose of buying and selling goods, wares, and merchandise by wholesale and retail, and generally to do and perform all manner and things incident or necessary in such business. As indorser it signed the note given by Rollins and Harrell to secure the payment of the note. In the negotiation for the original loan, the note was to be executed by Rollins and Harrell and payable to the Eastland County Lumber Company, and indorsed by the Eastland County Lumber Company, and the bank was to advance the money. This money was obtained by Rollins for the purpose of paying his laborers in the erection of oil well rigs by him as a subcontractor of Harrell.

Appellant assigns as error the action of the trial court in rendering judgment that the plaintiff take nothing by its suit against the Eastland County Lumber Company on the ground that the note sued on was indorsed in its name without its knowledge or consent; that it never ratified or confirmed said indorsement, and because said judgment was not supported by the evidence and contrary to the evidence.

The record is silent as to any authority of the lumber company corporation to indorse the contract here sued upon other than a letter by its president, and the record does not show that the president had, before writing the letter, been authorized by the board of directors to indorse the note, nor to authorize any of its agents to indorse same.

The by-laws of the corporation provide the directors shall have power and authority to authorize the officers of the corporation to execute promissory notes of the corporation.

Article 1326, Revised Statutes 1925, provides: "By-laws.—The directors may adopt by-laws for the government of the corporation. Such by-laws may be altered, changed or amended by a majority vote of the stockholders at any election or special meeting ordered for that purpose by the directors or trustees, on a written application of a majority of the stockholders or members."

■ One dealing with a corporation is charged with notice of limitations of its pow-

ers, whether arising from the provisions of rigs, and that the money obtained on the note was for the benefit of Rollins to pay off his laborers, there being evidence in the record to support such finding, such findings are conclusive on this court.

The record shows conclusively that the Eastland County Lumber Company was an indorser, if at all, on the notes purely as an accommodation to Rollins and Harrell, which was know by the defendant bank at the time of the execution of the original note and each renewal. Hence no liability attached as against the Eastland County Lumber Company. McCaleb et al. v. Boerne Electric Power & Mfg. Co. et al. (Tex. Civ. App.) 173 S. W. 1191; Marshall National Bank v. O'Neal et al., 11 Tex. Civ. App. 640, 34 S. W. 344; Brannan's Negotiable Instruments Law, p. 279.

The Texas State Bank knowing, at the time of the execution of the note and each renewal thereof, that the Eastland County Lumber Company was indorser of the note purely as accommodation, it is obvious that such indorsement was. ultra vires as being wholly without the scope of the indorser's corporate power, and being without consideration, as well as in contravention of statutory inhibition. Article 1348, R. S. 1925; 10 Tex. Jur. p. 882, § 247; Al & Lloyd Parker, Inc., v. Cameron County Lumber Co. et al. (Tex. Civ. App.) 56 S.W.(2d) 256; W. C. Bowman Lumber Co. v. Pierson, 110 Tex. 543, 221 S. W. 930, 11 A. L. R. 547; Northside Ry. Co. v. Worthington, 88 Tex. 562, 30 S. W. 1055, 53 Am. St. Rep. 778.

Appellant complains at the action of the trial court in rendering judgment against appellant and in favor of the appellee, Eastland County Lumber Company, because the evidence shows that the lumber company received a consideration for the indorsements of the notes, in that it enabled the lumber company to sell lumber to the maker of the notes in building oil well rigs.

Appellant did not plead estoppel, based upon benefits received by appellee, against either appellee's plea of non est factum, or ultra vires. The trial court having found from the evidence that all material for the building of the oil well rigs was supplied by Harrell on or about the date named, and Rollins was unable to pay his laborers for work done in constructing the oil well

It is true that a corporation may be estopped to plead ultra vires, where corporate funds or assets have been augmented by money or other property received in the transaction. 10 Tex. Jur. 902, § 260. But a party may enforce such estoppel only when he shows that the benefit derived from the transaction with such corporation was direct and material. It is not sufficient to show an indirect or merely incidental or negligible benefit. 10 Tex. Jur. p. 855 et seq., § 225 et seq.; Bowman Lumber Company v. Pierson, 110 Tex. 543, 221 S. W. 930, 11 A. L. R. 547.

It does not appear that any estoppel was pleaded against the lumber company's assertion that its act in signing the note was ultra vires, based upon the benefit it received through its sales to the makers of the note for material needed for the building of the oil well rigs.

We have considered all other assignments presented by appellant as grounds for reversal, and have reached the conclusion that none of them require or justify such action. The judgment of the trial court as to Tom Harrell, who did not appeal, remains undisturbed. In all other respects, the judgment is affirmed.