**AMERICAN NAT. INS. CO. v. GARRISON.**

No. 1572.

Court of Civil Appeals of Texas. Eastland.

Sept. 18, 1936.

Rehearing Denied Oct. 16, 1936.

Conner & Conner, of Eastland, for appellant.

Frank Judkins, of Eastland, for appellee.

FUNDERBURK, Justice.

Annie C. Garrison, beneficiary in two insurance policies on the life of Seamon Garrison, her son, recovered judgment below against American National Insurance Company for $824.24, including attorney's fees of $150 and a 12 per cent. penalty as special damages. The obligation which the judgment enforces was one for double indemnity by a policy provision that the principal sum claimed should be due in the event "the insured * * * has sustained bodily injury solely through external, violent and accidental means * * * and resulting in the death of the insured." The insured was shot and killed by Jep Lowe on November 17, 1934. As the case is presented to this court upon appeal by defendant, the judgment (not considering in the present connection the award of attorney's fees and penalties) was correct, unless the undisputed evidence established conclusively as a matter of law that the insured's death did not result "solely through external, violent and accidental means."

The defendant by way of special defense alleged certain assaults by the insured at different times upon the said Jep Lowe and members of his family, as well as threats against them of bodily injury from time to time in 1933 to the date of the homicide, of which it was averred that "said Seamon Garrison" thereby "adopted a course of conduct toward the said Jep Lowe and his family for several years that would or might be reasonably expected to naturally result in a serious bodily injury and death, all without any fault on the part of the said Jep Lowe, the said Seamon Garrison and his said conduct being the moving cause of his death and but for which the same would not have occurred, and such result should have been anticipated and foreseen by him as natural consequences of his said threats, acts and conduct." Considering the conclusions thus stated, and assuming without deciding, since the question is not presented, that the facts alleged were sufficient to support such conclusions, the effect of the plea may be said to be that it avers that the insured's threats, acts, and conduct constituted the proximate cause of the death of insured, and that they were the "means" of such death, which therefore were not accidental. If it be granted that the establishment of the plea, as thus construed, by the undisputed evidence would have entitled the defendant to judgment, it does not follow that the judgment rendered was erroneous. Considering, as we must, all evidence tending to support the judgment, and rejecting all evidence to the contrary, we think it clear that the trial judge as trier of the facts, in the absence of a jury, was warranted in concluding that insured was shot and killed by Lowe at a time when the former was unaware of any such intent or purpose on the part of the latter, and at a time when insured was making no demonstration, real or apparent, to carry out threats, if any, previously made.

Under such view of the evidence the applicable rule of law, we think, is that stated in Ruling Case Law, as follows: "In the absence of any policy provision on the subject, an injury inflicted on the insured by a third person designedly and intentionally so far as the actor is concerned, but without the expectation or provocation of the insured, is an accident as to him

and authorizes a recovery under an accident. policy." 14 R.C.L. 1260. Corpus Juris, under the topic head "Intentional Injuries Inflicted by Third Persons," says: "Injuries inflicted by a third person without fault of insured have been held within accident policies; and the same rule has been applied to injuries received by the insured while quarreling or fighting, although there is also authority for the view that the insurer is not liable in such case." 1 C.J. § 77 p. 431. Under the last-quoted text is cited National Life & Accident Ins. Co. v. Hodge (Tex.Civ.App.) 244 S.W. 863, wherein it is declared: "The law is well settled that, in the absence of some qualifying exception, a death from such causes [unprovoked murder] is, within the terms of the policy, an accident." The proposition thus declared is supported by other Texas cases, as follows: Hutcherson v. Sovereign Camp, W. O. W., 112 Tex. 551, 251 S.W. 491, 28 A.L.R. 823; Home Benefit Ass'n v. Briggs (Tex.Civ.App.) 61 S.W. (2d) 867; American Nat. Ins. Co. v. Hammond (Tex.Civ.App.) 91 S.W.(2d) 432.

■ Properly considered, there is no inconsistency, as might at first appear, between such statement of the law and the declarations in certain opinions of our Supreme Court, as, for instance, in Bryant v. Continental Cas. Co., 107 Tex. 582, 182 S.W. 673, 677, L.R.A.1916E, 945, Ann.Cas. 1918A, 517; International Travelers' Ass'n v. Francis, 119 Tex. 1, 23 S.W.(2d) 282; and International Traveler's Ass'n v. Bettis, 120 Tex. 67, 35 S.W.(2d) 1040. In the Bryant Case it is said: "An injury may result from the particular, voluntary use of such an agency for a given purpose, but not be an accident, because ensuing naturally, and in a usual and reasonably to be expected way, from the means thus employed. * * * If in the act which precedes the injury, though an intentional act, something unforeseen, unexpected, and unusual occurs, which produces the injury, it is accidentally caused. If the injury followed in a usual or reasonably to be expected way from the means voluntarily employed, that is, the given voluntary act, it is not a result accidentally effected." The rule thus declared has application only where voluntary conduct of the insured is under examination to determine if such be accidental means of an injury or death. The voluntary act referred to and the expectation mentioned were not the act or expectation of a third person, but of the insured. The distinction finds illustration in Hutcherson v. Sovereign Camp, W. O. W., supra. In that case a wife, the beneficiary in a life insurance policy, shot and killed her husband. The policy by one of its provisions excluded the risk of death at the hands of the beneficiary "except by accident." The Supreme Court sustained liability. The court said: "An event resulting in death may be objectively accidental, though the event causing such accident may subjectively arise and result intentionally on the part of the person responsible for the subjective cause." There was a dissenting opinion in the case, the court at the time being presided over by special judges. But, if there should be some doubt as to whether, under the particular policy provision involved, the principle declared was correctly applied in that case, there can be no doubt, we think, of the soundness of the principle stated, nor of its proper application to the instant case.

■ The rules and principles of law declared in the Bryant, Francis, and other cases are only applicable to the instant case in considering whether voluntary conduct of the insured was conclusively, as a matter of law, shown to have been the means by which the death of the insured resulted. From a reading of the authorities and consideration of the question we are of the opinion that a voluntary act of a third person intended by such third person to result in the injury or death of an insured under policy provisions like those here involved is, as a matter of law, the accidental means of such death or injury, unless as a cause it was one of a sequence of causes set in motion by voluntary conduct of the insured under such circumstances that such voluntary conduct of the insured be technically the proximate cause of such . injury or death. Where voluntary conduct of the insured is established as the proximate cause of the injury or death, the further fact is at the same time established that the willful act of the third person was not an accidental means, or at least not solely an accidental means by which the injury or death resulted.

The statements from the authorities above quoted which we hold to be applicable and controlling were not intended to define accurately and precisely the conditions under which voluntary acts of a third person causing injury or death would not be solely accidental. Hence it is not true that just any character of provocation by or expectation or fault of, the insured would prevent such means from being ac-

cidental. The purpose of the statements was to set forth conditions under which such means would be accidental, and not to set forth the conditions under which they would not be accidental. In this connection the decision of the Supreme Court of Missouri in Lovelace v. Travelers' Protective Ass'n, 126 Mo. 104, 28 S.W. 877, 30 L.R.A. 209, 47 Am.St.Rep. 638, and of the Supreme Court of Tennessee in Union Casualty, etc., Co. v. Harroll, 98 Tenn. 591, 40 S.W. 1080, 60 Am.St.Rep. 873, are helpful. The holding of such cases is well summarized in the text of R.C.L. as follows: "The death of the assured is regarded as due to an accident, though he was intentionally killed by one upon whom he was moving aggressively, if he did not know, and had no reason to believe, that his adversary was armed with a deadly weapon, with intent upon such advance to slay, and the assured was unarmed. Under such circumstances he had a right to presume that, if a fight occurred, it would be carried on without the use of deadly weapons." 14 R.C.L. 1260. As already in effect stated, the true test, we think, is whether or not voluntary conduct on the part of the insured was the proximate cause of (means of producing) the injury or death. 24 Tex.Jur. 1036, § 236; Bankers' Health & Acc. Ass'n v. Wilkes (Tex.Civ.App.) 209 S.W. 230; Ætna Life Ins. Co. v. Hicks, 23 Tex.Civ.App. 74, 56 S.W. 87.

In the instant case, considering that issues were duly joined by the pleadings to the effect that voluntary conduct of the insured was the proximate cause of the death of the insured, such issues, as already shown, were not established by the evidence conclusively, as a matter of law, and therefore must here be deemed to have been resolved by the trial judge against the insurer.

We do not think it necessary to discuss other assignments of error relating to the recovery of special damages by way of penalty and of attorney's fees. We think the evidence justifies such award under the law.

Being of the opinion that the judgment of the court below should be affirmed, it is accordingly so ordered.