## AMERICAN NAT. INS. CO. v. BENNIE.

### No. 8419.

Court of Civil Appeals of Texas. Austin.
March 31, 1937.

Rehearing Denied May 19, 1937.

White & Countess, of Belton; for appellant.

Edgar Cale, of Temple, for appellee.

McCLENDON, Chief Justice.

The controlling question in this case is whether sunstroke constitutes accidental means within the meaning of a life insurance policy rider granting double indemnity, in case the insured "should sustain bodily injury solely through external violent and accidental means" resulting in death. The trial was to the court without a jury and the judgment was in favor of appellee, the wife of insured and beneficiary in the policy. The insurance company has appealed.

The facts in the case are virtually on all fours with those in Metropolitan Life Insurance Co. v. Funderburk (Tex.Civ.App.) 81 S.W.(2d) 132 (error dis.), and need not be set out in detail. Briefly, insured was a laborer, working for a compress company. He had been so employed for about twelve years. His duties were to truck cotton in and around the compress and warehouse. While engaged in his usual employment, he was overcome with heat and died suddenly from that cause. There was nothing unusual about his work or the conditions surrounding it, and no reason for him to suspect that he would suffer sunstroke as the result of performing his duties in the manner in which he performed them. The evidence was amply sufficient to support a finding that the sunstroke was entirely fortuitous. The sole question, therefore, for consideration is whether sunstroke is properly classified as an accident within the meaning of the policy.

There are two lines of authority upon this question; but, to quote from the note in 17 A.L.R. 1197: "It is held by the weight of authority, and apparently the better reasoned cases, that a sunstroke, suffered by one unexpectedly, is within the protection of an accident policy insuring against bodily injuries sustained through external, violent, and accidental means."

This note collates and digests the authorities upon the subject. We are in full accord with the above view expressed by the author. Among the citations is the Texas case of Bryant v. Casualty Co., 107 Tex. 582, 182 S.W. 673, L.R.A.1916E, 945, Ann.Cas.1918A, 517, opinion by Chief Justice Phillips. Appellant urges that the policy there expressly covered sunstroke. The reasoning in the case, however, is in line with that in the cases supporting the view expressed in the above quotation. There do not appear to be any adjudications in this state upon the subject as applied to accident insurance other than the Bryant and Funderburk Cases. In the latter, the point was conceded.

Subsequent notes in A.L.R. reports bringing the cases down to date will be found in Vols. 61, p. 1197, and 90, p. 1387.

The last note is under a case by the federal Supreme Court (Landress v. Ins. Co.,

291 U.S. 491, 54 S.Ct. 461, 78 L.Ed. 934, 90 A.L.R. 1382) in which it was held in a majority opinion by Mr. Justice Stone that "Death from a sunstroke suffered while playing golf is not effected by external and accidental means within policies of insurance against death from bodily injuries effected directly and independently of all other causes through external, violent, and accidental means." An able and to our mind convincing dissenting opinion was delivered by Mr. Justice Cardozo.

It might be noted that injury or death from sunstroke is quite generally held to be compensable under Workmen's Compensation Laws. See O'Pry v. Cas. Co. (Tex. Com.App.) 1 S.W.(2d) 590, 61 A.L.R. 216; also A.L.R., notes in Vols. 83, p. 236; 53, p. 1085; 46, p. 1219; 40, p. 402; 16, p. 1039; 13, p. 979.

The adjudicated cases which will be found under the above citations so thoroughly treat the subject that we feel its further discussion on our part would be without useful purpose.

The trial court's judgment is affirmed.

Affirmed.