**R. B. SPENCER & CO. v. BIGGERS et al.**

**No. 1916.**

Court of Civil Appeals of Texas. Waco.

June 24, 1937.

On Rehearing July 15, 1937.

GALLAGHER, Chief Justice.

Appellants R. B. Spencer & Co., a partnership, instituted this suit against Irene Lodge No. 221, Independent Order of Odd Fellows, for recovery of a debt and for foreclosure of a materialman's lien and deed of trust lien on lot 10 in block 5 of the town of Irene in Hill county. Appellants made T. M. Biggers a party defendant and alleged that he was claiming an indebtedness against said Lodge and a lien on the property aforesaid to secure the same. Appellants alleged that the lien asserted by them was a first and superior lien on said lot of land, together with the brick building thereon situate, and asked that such lien be foreclosed and the proceeds of the sale

of said property be applied first to the satisfaction of their debt. They alleged in the alternative that the lien so asserted by them was a first and superior lien on said brick building, and asked that such lien be foreclosed and the proceeds of the sale of said property be divided between them and appellee Biggers in proportion to the value of said building and the value of the lot upon which the same was situated. Appellee T. M. Biggers filed a cross-action in which he sought recovery of a debt and foreclosure of a deed of trust lien on the same property, and asserted that the lien so claimed by him was a first and superior lien on said lot and on the building situated thereon. Appellee Lodge filed an answer in the cause, but it is not a party to any controversy involved in this appeal.

The case was tried before the court without a jury and judgment rendered in favor of appellants against appellee Lodge for the sum of $1603.49, and for a foreclosure of the liens so asserted by them, but such liens were declared to be second and inferior to the lien held by appellee Biggers. The court also rendered judgment in favor of appellee Biggers for the sum of $2,858.90 and for a foreclosure of the lien so asserted by him, and such lien was declared to be first and superior to the lien held by appellants.

## Opinion.

Appellants, in their brief, concede that the lien asserted by appellee Biggers is superior to their liens, or either of them, on said lot 10 in block 5, but contend that the court erred in holding that his lien was superior to theirs on the brick building situated on said lot. They further contend in this connection that the court erred in not finding the separate values of said lot and of the building thereon, respectively, and in not directing that the proceeds of the foreclosure sale should be divided between them and appellee Biggers in such proportion. Consideration of these contentions invokes a rather extensive review of the testimony. The Lodge, on May 8, 1928, owned said lot 10 in block 5 as aforesaid and also the adjoining lot No. 9 in said block and another lot described as lot 2 in block 9 of said town. Said Lodge desired to erect a two-story building on said lot 10, the second story of which was to be used as a meeting place for the Lodge and the first story was to be rented as a business house for revenue. It was without funds to pay for such improvement. The anticipated cost of the building was approximately $4,000. Biggers was a member of the Lodge. He offered to lend it $3,000, to be secured by a lien on the building, provided the necessary credit to complete the building could be obtained from some one else. Negotiation with appellants resulted in an offer on their part to furnish material to complete the building and take a second lien to secure the same. The Lodge then authorized its trustees to execute, and they did on May 8, 1928, execute and deliver to said Biggers, their promissory note bearing said date and payable five years thereafter for the sum of $3,000, which note bore interest from date at the rate of 8 per cent. per annum. The Lodge further authorized said trustees to execute, and they did execute and deliver to said Biggers, a deed of trust on lots 9 and 10 in block 5 in said town to secure the payment of said note according to its tenor and effect. Said deed of trust was duly recorded. Said trustees thereafter, on May 12, 1928, in pursuance of an order of the Lodge authorizing them to do so, entered into a contract for the purchase of lumber and material to be used in the erection of said building amounting in the aggregate to $1,000, for which they executed four notes, each for the sum of $250, one of which became due on the 1st day of January of each year thereafter for four successive years. They also, in connection therewith, entered into a contract giving an express contract and materialman's lien on said lot 10 in block 5 and all improvements thereon situated or to be thereafter erected. It was also stated in said contract that as further security for the payment of the notes aforesaid, said trustees had executed and delivered a deed of trust lien on said lot 10 in block 5 and also on lot 9 in block 5 and lot 2 in block 9 of said town. They also executed and delivered to appellants a deed of trust in accord with the terms of said contract. A recital in said deed of trust made the lien created thereby "second and inferior only to an encumbrance of $3000.00 now held by T. M. Biggers as to lots 9 and 10 in block 5." Both said contract and said deed of trust were duly recorded. Biggers furnished the $3,000 in cash and all the same was actually expended for labor and material used in the construction of said building. Appellants furnished lumber and other material used in the erection of said building amounting in the aggregate to the full amount of said notes. The first of the notes given to the appellants as aforesaid was paid and dis-

charged. Lot 9 in block 5 and lot 2 in block 9 were afterwards disposed of, and such disposition is not questioned in this case.

Appellants were, by the terms of their contract and deed of trust, charged with knowledge of the existence and amount of Biggers' debt and that the same was secured by a deed of trust on said lots prior in time to their own. Their claim that their lien, though junior in time, is superior as to the building, to Biggers' lien, is based in part upon the construction they place upon the above-quoted excerpt from their deed of trust, the substance of which excerpt is that appellants' lien shall be second only to the encumbrance held by Biggers on said lots 9 and 10 in block 5. The mention of lots 9 and 10 in that connection was proper because the deed of trust covered another lot in another block on which Biggers did not have nor claim a lien. Biggers was not a party to said instrument and is not shown to have been in any way bound by such provision. The court apparently construed such provision to be ambiguous and permitted the introduction of parol evidence to show the real agreement between the Lodge and Biggers and between the Lodge and appellants. See, in this connection, 17 Tex.Jur. p. 864, § 392, and authorities cited in notes thereto; Magnolia Warehouse & Storage Co. v. Davis & Blackwell, 108 Tex. 422, 195 S.W. 184, par. 1. After hearing all the testimony bearing on the situation, the court held that Biggers' lien attached to both lot 10 and the brick building erected thereon after such lien was given, and his holding is not without support in the evidence. See American Nat. Ins. Co. v. Garrison (Tex.Civ.App.) 97 S.W.(2d) 534, 535, par. 1. Since Biggers' deed of trust lien on said lot was created and fixed prior to the inception of appellants' liens, and since the brick building afterwards erected thereon was not removable without destroying the value thereof, had the court excluded parol testimony, Biggers' lien would have been, on the face of the instruments themselves, entitled to priority over appellants' liens on the entire property. Hammann v. H. J. McMullen & Co., 122 Tex. 476, 62 S.W.(2d) 59, 61, pars. 3 and 4; Cameron County Lumber Co. v. Al & Lloyd Parker, Inc., 122 Tex. 487, 62 S.W.(2d) 63.

Appellants contend that the recovery awarded Biggers and ordered satisfied out of the property in preference to their own claim is excessive. Their first insistence in this connection is that Biggers, in addition to the payments on his indebtedness admitted by him, should have credited the Lodge with the sum of $400 which accrued as rentals during his occupancy of the first story of the building involved herein, and which sum he appropriated to repay himself for money advanced by him to repair the building after a destructive cyclone had injured the same. He testified that such application was made under an express agreement between him and the Lodge that the sum thus accruing should be so applied. The rights of a lien creditor attach primarily to the encumbered property. Subdivision 2 of article 2293 of our Revised Statutes provides for the appointment of a receiver and the impounding of current rents where the property is shown to be probably insufficient to discharge the mortgage debt. Appellants made no attempt to resort to this statutory procedure. They had no lien on the rentals which the Lodge agreed might be applied by Biggers in satisfaction of his other debt. Wood v. Fetzer (Tex.Civ.App.) 19 S.W.(2d) 1113 (writ refused). Appellants further insist in this connection that the court erred in calculating the amount of Biggers' recovery and in providing that such recovery should bear interest at the rate of 10 per cent. per annum. According to the only testimony on the question found in the record, Biggers' secured debt, on January 1, 1935, was $2,247. His note bore interest at the rate of 8 per cent. per annum. No provision for payment of attorney's fees was shown. The recitals in the judgment rendered show that the court found the amount due on said note on January 1, 1935, to be $2,260; that he allowed interest thereon from that date to the date of judgment at the rate of 10 per cent. per annum and 10 per cent. additional on both principal and interest as attorney's fees. The judgment entered bears interest until paid at the rate of 10 per cent. per annum. These errors require the reversal of the judgment.

The judgment is reversed and the cause remanded.

### On Appellees' Motion for Rehearing.

We held in the original opinion herein that the judgment rendered by the court in favor of appellee Biggers was excessive, in that, interest had been calculated at 10 per cent. per annum when it should have been calculated at only 8 per cent. per annum, and that 10 per cent. attorney's fees on the amount of appellee's debt had been

improperly allowed. Appellee has filed a remittitur of such excess, and asks in his motion for rehearing herein that the judgment of the trial court be reformed so as to exclude such excess and that the same, as reformed, be affirmed. The amount of appellee's recovery is, under the authority of such remittitur, here reduced to $2486.68, and it is ordered that such sum bear interest from April 29, 1936, the date of the original judgment, at the rate of 8 per cent. per annum. The order remanding the cause is set aside and the judgment of the trial court, as so reformed, is here affirmed. The costs of appeal are taxed against said appellee.