**AMERICAN CASUALTY & LIFE CO. v. McCRACKEN.**

No. 2385.

Court of Civil Appeals of Texas. Eastland.

June 25, 1943.

Rehearing Denied July 16, 1943.

Francis M. Chaney, of Dallas, for appellant.

Bouldin & Bouldin, of Mineral Wells, for appellee.

GRISSOM, Justice.

On the night of January 13, 1942, Dr. McCracken was driving his automobile from Fort Worth to his home in Mineral Wells. About three miles from Mineral Wells he drove around a curve and upon a railroad track which intersected the highway and either ran into or was struck by a switch engine. Dr. McCracken was wholly disabled and prevented from attending to any kind of work for more than five months. The court found that the collision occurred about 8:30 on a dark night; that the engine with which Dr. McCracken's automobile collided was black and indistinguishable in the darkness under the conditions that existed; that the engine's whistle was not blown nor its bell rung and that no signal was given to indicate to travelers on the highway that the engine was either approaching or upon the intersection; that in driving upon the intersection Dr. McCracken did not intend nor expect to either hit or be hit by the engine; that the collision was caused by the negligence of the operators of the switch engine in failing to give some warning that the engine was approaching or was upon the intersection. At the time of the collision Dr. McCracken carried an insurance policy with defendant, providing for the payment of $200 a month "if the insured in consequence of bodily injuries sustained through external violent and accidental means, independently and exclusive of disease and all other causes, shall from date of accident be wholly and continuously disabled * * *." As a result of the collision Dr. McCracken was rendered immediately unconscious and did not know whether he ran into the engine or the engine struck him. This suit was based on said facts and said policy provision. The Court found that Dr. McCracken sustained

through external violent and accidental means, independently of disease and all other causes, serious bodily injuries that continuously and wholly disabled him for more than five months. The trial was to the Court. Judgment was rendered for plaintiff for $1,000. Defendant has appealed.

Defendant presents three points, as follows: That the court erred in rendering judgment for plaintiff (1) because there was no evidence that plaintiff's injuries were caused by accidental means, for the reason that the cause of the injury was the intentional act of Dr. McCracken in driving his automobile across a known railroad track without first determining whether a train was on the track; (2) because the undisputed evidence shows that Dr. McCracken's injuries were caused by driving his automobile into a standing railroad engine, which engine was not in an unusual or unexpected place, and the collision was to be expected; and (3) because the undisputed evidence shows that Dr. McCracken's defective hearing was the cause, or a contributing cause, of his injury.

The evidence shows and the Court found in substance that Dr. McCracken was driving his automobile along the highway on his right hand side at about 20 miles per hour; that he knew there was a railway crossing somewhere in the general vicinity of the collision but did not know exactly where it was. That as he came around a curve he either ran into or was struck by a black engine that was indistinguishable in the darkness; that no warning was given by the operators of the engine that it was either on or approaching the intersection. The Court's findings heretofore mentioned were sustained by the evidence. We think the evidence sustains the Court's conclusion that plaintiff's injuries were caused by accidental means.

Defendant argues that plaintiff drove exactly as he intended and that his injuries were the natural and probable consequence of his intentional act of driving his automobile across a railroad track occupied by an engine; that nothing unusual or unexpected happened; that the results were accidental but the means were not accidental, because plaintiff's acts were calculated to produce the effects they did produce. We cannot agree with this contention. It is true plaintiff drove his automobile slowly and carefully down the highway on his proper side of the road, as he intended, and he knew that somewhere in that locality he would cross a railway track. But, he did not know that a black railway engine would be standing on the track or approaching the intersection of the railroad track with the curved highway without lights, without ringing the bell or blowing the whistle and without any warning that it was on or approaching the intersection. Dr. McCracken did not intend to hit or be hit by the engine; the collision and consequent injury happened by chance, without intention or design; the happening was unforeseen, unexpected and unusual. International Travelers' Ass'n v. Francis, 119 Tex. 1, 10, 23 S.W.2d 282; Bryant v. Continental Cas. Co., 107 Tex. 582, 594, 182 S.W. 673, L.R.A.1916E, 945, Ann.Cas.1918A, 517; 29 Am.Jur. 714; Metropolitan Life Ins. Co. v. Funderburk, Tex.Civ.App., 81 S.W.2d 132, 135, writ dismissed. Our conclusion is supported by the following authorities: International Travelers' Ass'n v. Bettis, Tex.Civ.App., 52 S. W.2d 1059, 1061, writ refused; American National Insurance Co. v. Bennie, Tex.Civ. App., 106 S.W.2d 336, writ refused; American National Insurance Co. v. Shelton, Tex.Civ.App., 83 S.W.2d 698; American National Insurance Co. v. Garrison, Tex. Civ.App., 97 S.W.2d 534, writ dismissed; Metropolitan Life Insurance Co. v. Ray, Tex.Civ.App., 105 S.W.2d 377; Continental Casualty Co. v. Willis, 4 Cir., 28 F. 2d 707, 709, 61 A.L.R. 1069; Seaboard Life Ins. Co. v. Murphy, 134 Tex. 165, 132 S.W. 2d 393; Pledger v. Business Men's Accident Ass'n of Texas, Tex.Com.App., 228 S.W. 110; North American Accident Ins. Co. v. Henderson, 180 Miss. 395, 177 So. 528; Metropolitan Life Ins. Co. v. Williams, 180 Miss. 894, 178 So. 477; 29 Am.Jur. 708.

There was evidence that Dr. McCracken's hearing was defective. Assuming that the evidence raises the issue that plaintiff's defective hearing was a contributing cause of his injury and material, such fact is certainly not conclusively established and the Court has found against the Defendant on said issue. The evidence supports said finding. Defendant's points are overruled.

The judgment is affirmed.