## OLD NAT. LIFE INS. CO. v. HOLLEY.
### No. 15001.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 7, 1949.

Paul J. McClung and Joe Spurlock, both of Fort Worth, for appellant.

Mays & Mays, Dave Miller and Chas. Mays, all of Fort Worth, for appellee.

HALL, Justice.

A district court of Tarrant County, Texas entered judgment in this case on August 18, 1948 for appellee, Ruby Nina Holley, who had sued appellant, Old National Life Insurance Company, for face value recovery of an accident insurance policy issued by appellant, insuring appellee's husband, Lon Holley, now deceased, against death resulting directly and independently of all other causes from bodily injuries during the term of said policy. The case was tried to the court who decreed in substance, among other things, that the late Lon Holley met his death through purely accidental means on the 7th of March, 1948 as a result of gunshot wounds, which death resulted directly and independently of all other causes from bodily injuries while said policy, written by appellant in the sum of $1,000, naming appellee as beneficiary, was in force and effect; therefore, judgment was entered for the sum of $1,000 in favor of appellee and against appellant, together with six per cent interest from date.

The trial court filed findings of fact and conclusions of law.

The appellant brings this appeal based upon five points.

No. 1. The court erred in finding as a matter of fact and of law that the deceased met his death through purely accidental means because there is no evidence to support the same.

No. 2. The trial court erred in finding as a fact that the insured committed no acts of aggression at the time of his death and that his death was not occasioned by any act, association or misconduct on his part, because there is no evidence to support such finding.

No. 3. The trial court erred in rendering judgment for appellee because the overwhelming preponderance of the evidence reveals the insured could have reasonably foreseen and anticipated the probable consequences of his act in going to meet known killers and thieves at a lonely rendezvous at night; that he did foresee and anticipate his death because he left a note prior to his departure from home indicating that he anticipated being killed and that he was himself armed with a revolver.

No. 4. The trial court erred in admitting the record and contents of the coroner's inquest on the report of the death of Lon Holley, in which the coroner found that Holley was murdered, over the appellant's objection.

No. 5. The concealment of Lon Holley's occupation of robbery, theft and liquor store operations, coupled with the misrepresentation that he was a speculator employed by "Silo," was material and false and voided the accident policy, made the basis of this suit.

We will proceed to discuss the last point first. We need not comment on No. 5 other than to say there is testimony to support the representation made by the insured in his application as being a speculator and employed by Silo. His wife testified in detail about these matters, sufficient for the court to make a finding.

We sustain appellant's point No. 4 to the effect that the coroner's inquest should not have been introduced in evidence over his objection; since the case was tried before the court and there is sufficient evidence to support the court's finding, we adhere to the rule that the trial court did not consider such inadmissible and hearsay evidence.

Appellant's point No. 3 pertains to the overwhelming preponderance of the evidence revealing that the insured could have reasonably foreseen and anticipated his death because of his going out to meet known killers. We only have to say that the testimony of appellee does not bear out such contention. While the testimony is somewhat conflicting on the subject, yet we find that there is sufficient evidence introduced by appellee to support the trial court's ruling in favor of appellee in this respect. She testified when he left home on the night he was killed that he was jovial and seemed as normal as ever; that he did not tell her he was going out to meet killers but he did tell her he was going out to meet some friends. She did not know he carried with him a pistol; she did not know, and the testimony does not show, who killed her husband. He left two names written on a piece of paper placed on a piece of furniture in the house but he did not tell her why he left it. Neither does the testimony reveal that he met either of the persons named therein. One of the persons there named was known to have a criminal record and though appellant tried to connect the insured's disaster with criminal influence, yet its testimony is merely circumstantial in regard to this respect. While it was admitted by appellee (and the indictments were introduced in evidence) that the insured was indicted for several felonies, yet he had not been convicted of such felonies; his trial was set for the following week. He had other criminal records in the form of investigations and some fines having been paid over a period of years. He was found by the officer with a bullet wound through his head, entering from behind his ear and taking out one of his eyes and breaking his glasses; he had his overcoat on, sitting under the steering wheel of the car in which he was found with a glove on one hand and one clenched in the other hand; no signs of there having been a struggle and/or that he anticipated his untimely death. There was nothing to indicate any voluntary conduct of the insured which would have caused his death; under the law as laid down by our courts pertaining to this subject we find the trial court did not err in rendering judgment for appellee based upon sufficient evidence to support same. American Nat. Ins. Co. v. Garrison, Tex.Civ.App., 97 S.W.2d 534, writ dismissed; Texas Prudential Ins. Co. v. Turner, Tex.Civ.App., 127 S.W.2d 563, writ dismissed; American Casualty & Life Co. v. McCracken, Tex.Civ.App., 173 S.W. 2d 212; International Travelers' Ass'n v. Bettis, Tex.Civ.App., 52 S.W.2d 1059; International Travelers Ass'n v. Francis, 119 Tex. 1, 23 S.W.2d 282.

What we have said in regard to point 3 will also be sufficient to answer points 1 and 2.

Finding no error, the judgment of the trial court is affirmed.